UNITED STATES of America, Plaintiff-Appellee,

v.

Gregory Martin MATTHEWS, Defendant-Appellant.

No. 77–1873.

United States Court of Appeals, Ninth Circuit.

Nov. 25, 1977.

Rehearing and Rehearing En Banc Denied Jan. 20, 1978.

Michael D. Nasatir, Nasatir, Sherman & Hirsch, Los Angeles, Cal., for defendant-appellant.

Robert L. Brosio, U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before BROWNING, GOODWIN, and KENNEDY, Circuit Judges.

PER CURIAM:

Appellant Gregory Matthews appeals from his conviction of a violation of 18 U.S.C. § 1542, making false statements in an application for a passport.

Matthews contends that the district court erred in denying his motion to suppress evidence found pursuant to a search warrant. He claims that the affidavit in support of the warrant was insufficient on its face because the information contained therein was stale.

■ The search warrant issued on July 9, 1976 included an affidavit describing, among other things, surveillance of the defendant and of his home which was sufficient to establish probable cause linking him to a narcotics transaction. Matthews argues, however, that this information was stale because, through a clerical error, the warrant stated that the surveillance took place on June 8, 1976 although it actually occurred on July 8, 1976. In determining the sufficiency of an affidavit supporting a warrant the courts do not inquire beyond what is on the face of the document, *Aguilar v. Texas*, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In this case, however, even if the surveillance had actually taken place on June 8 as stated in the warrant, the information would not be stale as to the documents, records, and other items for which the search was to be conducted. Considering the nature of the items named in the warrant, it was reasonable to expect they would remain in the defendant's possession and on his premises for some period of time, at least for a month. *Andresen v. Maryland*, 427 U.S. 463, 478–79 n. 9, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).

■ Matthews also contends that the indictment was too vague. We find no merit in this argument. The indictment was cast in the language of the applicable statute and was adequate to permit the court to determine whether the charges were sufficient, to inform the defendant of the nature of the charges against him so that he could prepare his defense, and to allow the defendant to determine whether he was being exposed to double jeopardy. *See Russell v. United States*, 369 U.S. 749, 763–64, 8 L.Ed.2d 240 (1962); *United States v. Anderson*, 532 F.2d 1218, 1222 (9th Cir.), *cert. denied*, 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976).

The conviction is AFFIRMED.