**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ralph M. CROW, Defendant-Appellant.**

No. 86–1234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 9, 1987.

Decided Aug. 11, 1987.

L. Anthony White and Robert Bork, Reno, Nev., for plaintiff-appellee.

Ralph M. Crow, Carson City, Nev., for defendant-appellant.

Before KOELSCH and NOONAN, Circuit Judges, and BRYAN,* District Judge.

KOELSCH, Circuit Judge:

Crow urges but two grounds for reversal of his conviction:

---

* Honorable Robert J. Bryan, United States District Judge, for the Western District of Washington, sitting by designation.

1. That the information does not charge a crime,[1]

2. That the evidence is insufficient to establish guilt.

Neither has merit.

■ 1. The use of a "bare bones" information—that is one employing the statutory language alone—is quite common and entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished. *United States v. Matthews*, 572 F.2d 208 (9th Cir.1978).

■ Here, the information tracked the language of the pertinent regulation CFR 101–20.305; that regulation makes penal "Any conduct ... which impedes or disrupts the performance of official duties by Government employees...." The essential element of that offense is thus conduct producing the prohibited result and it does appear that this information does charge Crow with such conduct. True, the information lacks particulars but it did put him on notice that the conduct was of the kind made penal; the details of the conduct was not a matter of substance and their inclusion would have added nothing save unnecessary evidentiary matter going to the proof of that conduct. *Carbo v. United States*, 314 F.2d 718, 731–32 (9th Cir.1963).

2. The basic facts adduced at trial were essentially uncontradicted. The district judge—the case was tried to the court—carefully and we think, fairly, summed up the evidence; his ensuing findings, giving them due deference (*see Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1941)) fully support the judgment of guilt.[2]

AFFIRMED.

---

1. Crow did not raise this objection in district court but it nonetheless is now available to him Fed.R.Civ.P. 12(b)(2).

2. At no time either in the district court or here, did Crow, a practicing attorney, raise any issue regarding 40 U.S.C. § 318(a). We see no compelling reason to gratuitously do so now. None of the three cases cited in the dissent is ger-

NOONAN, Circuit Judge, dissenting:

The General Services Administration possesses a delegated authority to issue rules whose violation will constitute a crime. A GSA regulation promulgated pursuant to 40 U.S.C. § 318a sets a standard whose violation may be punished by a $50 fine or imprisonment for up to 30 days. 40 U.S.C. § 318c. Classified under the general criminal law as "a petty offense," such violations are criminal. 18 U.S.C. § 1.

In the exercise of this awesome and delegated responsibility, GSA is strictly limited by 40 U.S.C. § 318a. The rules and regulations of GSA are effective and enforceable upon a condition: "that such rules and regulations shall be posted and kept posted in a conspicuous place" on the relevant federal property. 40 U.S.C. § 318a.

The posting of the regulations and their continued posting in a conspicuous place constitute an essential element that the United States must prove in order to prove crime in the violation of the regulation. *See, e.g., United States v. Cassiagnol*, 420 F.2d 868, 870–71 (4th Cir.1970), *cert. denied*, 397 U.S. 1024, 90 S.Ct. 1364, 25 L.Ed.2d 83 (1970) (rules enforced against Jerry Rubin and other Vietnam War demonstrators at the Pentagon when the rules were posted in all main entrances of the Pentagon and in the lots throughout the Pentagon grounds including the parking areas); *United States v. Murray*, 352 F.2d 397, 398–399 (4th Cir.1965) (parking regulations of GSA enforced when court deemed that the marking of a parking space was the equivalent of posting a sign under § 318a). Failure to show that GSA regulations were conspicuously posted means that the government has not proved its case. *United States v. Strakoff*, 719 F.2d 1307, 1310 (5th Cir.1983) (Two signs on the first floor and one on each of the upper

---

mane, save perhaps *Strakoff* and that decision only serves to support the view that posting is not material; there the Fifth Circuit at least hinted that the matter was evidentiary: "Because of this inconformity and absent any showing that *Strakoff* did not in fact have notice of the proscription of CFR 101–20.313 the conviction cannot stand."

floors in the Federal Courthouse Building in Brownsville, Texas, forbidding the carrying of firearms into the courthouse were insufficient evidence of conspicuous posting giving notice to a person entering the building; a conviction for violating the regulation was reversed).

The opinion of the court discusses the adequacy of the information. The opinion of the court does not address Crow's second ground for reversal, "that the evidence is insufficient to establish guilt." The district court did carefully and fairly sum up the evidence: there is not the slightest suggestion in the court's findings that the regulation was posted.

The district court did offer a hypothetical that illuminates the extent of the problem here. Suppose, the district court said, that a government employee is vacuuming a rug in a court house and a passerby deliberately stood in his way. Would the passerby be guilty of the crime with which Crow is charged? Yes, the district court concluded. By the same token, a law clerk intent on his or her research who did not move when requested to do so by a GSA employee cleaning the room would be guilty of violating the law. The opinion of this court apparently accepts the criminality of such conduct even though the passerby or law clerk was not shown to have had any notice that a federal regulation empowered the carper-sweeper with authority to make his requests peremptory and disobedience to them subject to penal sanction.

This case is small by virtue of the offense charged and the punishment threatened. The case is large in its implications. A federal bureaucracy is given power to create crimes. No notice need be given of the bureaucracy's criminalizing regulation. A person is guilty if intentionally he performs the act forbidden by the secret regulation.

The instant case in no relevant particular differs from *Strakoff*. There was no evidence whatsoever at the trial that the regulation applied to Crow was posted. An essential element of the crime was not proved. His conviction was contrary to law.