**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**FAGAVAO LUKI, aka FUNKY, and AZIZA PRITCHARD, aka CHEEZE, Defendants**

High Court of American Samoa
Trial Division

CR No. 15-92
CR No. 16-92

May 28, 1992

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiff, Donald M. Sheehan,
 Assistant Attorney General
 For Defendant Luki, Barry I. Rose,
 Assistant Public Defender
 For Defendant Pritchard, Robert A. Dennison III

On Motion to Suppress, Dismiss, and Sever:

Defendant Aziza Pritchard moves to suppress "defendant's statements, scientific evidence or test results and other evidence obtained as a result of an illegal search, detention and/or arrest of the defendant"; to dismiss the information for want of specificity; and to sever (T.C.R.Cr.P. 14).

## I. *Motion To Suppress*

The grounds for this motion are twofold: 1) that on March 8, 1992, the defendant was illegally taken into custody by Police Officer Analoi Suamataia without a warrant and that, therefore, the statements which he subsequently gave at the police station shortly thereafter were fruits of that unlawful seizure and excludable under Rev. Const. Am. Samoa Art. I, § 5;[1] and 2) that these statements were obtained from the defendant in violation of his right to counsel.

---

[1] Rev. Const. Am. Samoa Art. I, § 5, reads in pertinent part:

> The right of the people to be secure in their persons . . . against unreasonable . . . searches and seizures shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . . *Evidence obtained in violation of this section shall not be admitted in any court.*

(emphasis added).

The evidence did not bear out a situation of arrest. Rather, the defendant acceded, in the presence of family members, to Officer Suamataia's request to go with him to the station for questioning. We find no Art. I, § 5 basis to the motion.

Defendant also argues that he had invoked his right to counsel and that Officer Suamataia should therefore not have questioned him until counsel was present.[2] Assuming arguendo that a situation constituting "custodial interrogation," within the rule of *Miranda v. Arizona*, 384 U.S. 436 (1966), had arisen at the police station, we find nothing on the evidence to suggest that the defendant had ever requested counsel. Rather, the evidence showed that before the defendant had left with officer Suamataia, the latter was advised by the defendant's sister that their family either had a lawyer or were going to obtain a lawyer for the defendant. At the station, officer Suamataia first gave the defendant the *Miranda* warnings, and the defendant then signed a written waiver of his rights. Subsequently he gave a statement. In these circumstances, we are not satisfied that the right to counsel was invoked. *See Moran v. Burbine*, 475 U.S. 412 (1986). The motion is denied.

## II. Motion to Dismiss

The information charges the defendant with, among other things, the crimes of Sodomy, a violation of A.S.C.A § 46.3611, and Sexual Abuse in the First Degree, a violation of A.S.C.A. § 46.3615. The defendant argues that the information fails to state the "specific act or acts" the defendant is alleged to have committed which constitute "deviate sexual intercourse" or "sodomy" within A.S.C.A. § 46.3611, and which constitutes "sexual contact" within the meaning of A.S.C.A. § 46.3615. The information is couched in the language of the respective statutes.

---

[2] In *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), the Supreme Court held that a suspect in custody must be informed of his right to remain silent and the right to confer with an attorney before or during interrogation. The Court's holding was premised on the Fifth Amendment's privilege against self-incrimination. The Court further held that if a suspect requests an attorney, the interrogation must cease until counsel is present. *Id.* at 474; *see also Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981).

This very same motion was addressed by the Court in *Government of American Samoa v. Afamasaga*, 17 A.S.R.2d 145 (Trial Div. 1990). There the Court said:

> That a criminal charge is couched in the language of the statute, is not, of itself, grounds for the dismissal of an information. It is settled law that an information using only statutory language is quite permissible as long as the statute sets forth "fully, directly and expressly, without any uncertainty or ambiguity, . . . all the elements necessary to constitute the offence intended to be punished." *Hamlin v. United States*, 418 U.S. 87, 117-18 (1974). Furthermore, Rule 7(c) "does not mean that the indictment must set forth facts and evidentiary details necessary to establish each of the elements of the charged offense." *United States v. Williams*, 679 F.2d 504, 508 (1982), *cert. denied* 459 U.S. 1111. There is a distinction between "a defendant's constitutional right to know what offense he is charged with and his desire to know the evidentiary details of the prosecution's case." *Id.* at 509. *See also United States v. Crow*, 824 F.2d 761 (1987).

*Afamasaga*, 17 A.S.R.2d at 149-50. For reasons given in *Afamasaga*, we deny the motion to dismiss.

### III. Motion To Sever

We exercise our discretion against the motion and thus deny the same.

It is so ordered.