**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSHUA RODNEY MEECH,

Defendant-Appellant.

No. 21-30025

D.C. Nos.
2:20-cr-00013-DLC-1
2:20-cr-00013-DLC

MEMORANDUM*

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Argued and Submitted December 6, 2021
Seattle, Washington

Before: McKEOWN, CHRISTEN, and MILLER, Circuit Judges.

Joshua Meech appeals his conviction and sentence for making a false

statement during a firearms transaction, in violation of 18 U.S.C. § 922(a)(6). We

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[1] Because the parties are familiar with the facts, we recite only those facts
necessary to decide this appeal.

1. Meech argues: (1) that his indictment was defective because it failed to specify what protection order it was premised upon; and (2) that *United States v. Bramer*, 956 F.3d 91 (2d Cir. 2020), "arguably" establishes that such specification is required. Neither argument is persuasive.

"An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Buckley*, 689 F.2d 893, 896 (9th Cir. 1982) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). A "bare bones" indictment—"one employing the statutory language alone"—is "entirely permissible so long as the statute sets forth fully, directly and clearly all essential elements of the crime to be punished." *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987) (citing *United States v. Matthews*, 572 F.2d 208, 209 (9th Cir. 1977)). The model jury instruction for 18 U.S.C. § 922(a)(6) identifies four elements: (1) the seller was a licensed firearms dealer; (2) the defendant made a false statement in connection with acquiring or attempting to acquire a firearm from the seller; (3) the defendant knew the statement was false; and (4) the false statement was material, meaning capable of influencing or having a natural tendency to influence the seller into believing the firearm could be lawfully sold to the defendant. *See* Manual of

2

Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.58 (2010 ed., updated Sept. 2021).

Meech's indictment contained adequate detail to provide notice of the elements of the charged offense and to allow him to plead double jeopardy. *See Crow*, 824 F.2d at 762. In connection with attempting to purchase a firearm, Meech falsely stated that he was not subject to a qualifying protection order. Meech was on notice that he was subject to a qualifying protection order because he signed the stipulated order of protection while represented by an attorney. Finally, although the indictment in *United States v. Bramer,* 956 F.3d 91 (2d Cir. 2020)*,* identified a particular protection order at issue in that case,[2] *Bramer* did not hold that such specification is required, *see generally id.* at 92–99. The district court did not err by declining to dismiss Meech's indictment.

2. Meech argues that the district court misidentified the elements of § 922(a)(6) by failing to account for "the basic law of attempt" and omitting "an expanded knowledge requirement" pursuant to *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *United States v. Door*, 996 F.3d 606 (9th Cir. 2021). We disagree. Meech was indicted for committing a completed offense, not an

---

[2] Meech's motion for judicial notice of the indictment in *Bramer*, ECF No. 4, is **DENIED**.

attempted offense. *See* 18 U.S.C. § 922(a)(6). Further, the applicable knowledge requirement was satisfied here. *Rehaif* and *Door* emphasized the presumption that a scienter requirement applies to "each of the statutory elements that criminalize otherwise innocent conduct." *Rehaif*, 139 S. Ct. at 2195 (quoting *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 72 (1994)); *Door*, 996 F.3d at 615 (explaining that, pursuant to *Rehaif*, the scienter requirement extended to "all the elements listed" in the statute). The elements of § 922(a)(6) do not require showing that a defendant was subject to a protection order, but they do require showing that the defendant made a false statement in connection with purchasing a firearm. *See* Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.58 (2010 ed., updated Sept. 2021). Here, the government charged Meech with falsely stating on Form 4473 that he was not subject to a protection order. The district court ruled the government was required to prove that Meech knew his statement was false, and the court correctly ruled that the government met this burden. The district court relied on the applicable model jury instruction, correctly identified the elements of § 922(a)(6), and applied the appropriate scienter requirement, *see United States v. Williams*, 685 F.2d 319, 321 (9th Cir. 1982).

3. Meech argues that the evidence was insufficient to support his conviction. Evidence is sufficient to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Temkin*, 797 F.3d 682, 688 (9th Cir. 2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Meech argues the evidence was insufficient to prove he "attempted to acquire" a firearm and insufficient to prove he knew he was subject to a qualifying protection order pursuant to 18 U.S.C. § 922(g)(8). But from the evidence presented, a rational finder of fact could have decided: (1) Meech spent about an hour discussing various firearms with store employees before selecting one; (2) Meech knew he was subject to a protection order because he signed the stipulated order of protection having had the benefit of advice from counsel; (3) Meech made a false statement in connection with attempting to acquire a specific firearm when he completed Form 4473; (4) Meech waited in the store for the results of the background check; and (5) Meech never indicated that he changed his mind about purchasing the firearm.

Meech also asserts that it was unreasonable for the store employees to run the NICS background check because they knew he had not read Form 4473.

Meech cites no legal authority supporting this argument, and we know of none. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived." (citing *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)).

Meech asserts that the two protection orders to which he was subject do not alone or in combination fit the profile of "court order" as defined in 18 U.S.C. § 922(g)(8). Again, we disagree. Section 922(g)(8) provides that a qualified order is one that issues after a "proceeding of which the defendant has 'actual notice' and the 'opportunity to participate.'" *United States v. Young*, 458 F.3d 998, 1005–06 (9th Cir. 2006) (quoting 18 U.S.C. § 922(g)(8)). The district court did not err by determining the stipulated order of protection qualified. Unlike ex parte protection order proceedings: (1) Meech was personally served with the temporary protection order that informed him of the date, time, and location of the hearing on the subject order; (2) Meech had the opportunity to object to the entry of the order of protection or otherwise contest the petitioner's request for the order, *see id.* at 1009; and (3) Meech stipulated to the entry of the protection order, including vacating the hearing, and he did so with the benefit of counsel.

Meech finally asserts that his answer to Question 11.h on Form 4473 was immaterial because the NICS check would have independently prevented him from acquiring a firearm. Within the meaning of the subject statute, a false statement is "material" if it "had a natural tendency to influence, or was capable of influencing [the seller] into believing that the [firearm] could be lawfully sold to the [buyer]." Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.58 (2010 ed., updated Sept. 2021); *see also Abramski v. United States*, 573 U.S. 169, 189 (2014) (explaining a false response is material if the sale of the firearm could not have proceeded under the law had the would-be buyer been truthful in completing Form 4473). The store employees testified that they would not have run the NICS background check had Meech truthfully answered Question 11.h because his answer would have made him ineligible to buy a firearm. Thus, a rational finder of fact could have decided that Meech's false answer to Question 11.h was material.

**AFFIRMED.**