UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph STRAKOFF,
Defendant-Appellant.

No. 83–2128

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1983.

Roland E. Dahlin, II, Federal Public Defender, George McCall Secreat, Jr., Lazaro Cardenas, Asst. Federal Public Defenders, Houston, Tex., for defendant-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, TATE and HIGGINBOTHAM, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Defendant immediately and voluntarily relinquished his gun upon entering a federal building. Defendant was nonetheless arrested, charged, and convicted for the misdemeanor of violating 41 C.F.R. § 101–20.-313—carrying or possessing a firearm on federal property. He appeals the sufficiency of the evidence at trial supporting a finding that notice of § 101–20.313 was posted "in a conspicuous place" in the build-

ing as required under 40 U.S.C.A. § 318a. Since we find that it was not so posted, we reverse.

■ In assessing whether there was sufficient evidence to support a criminal conviction, we view all the evidence at trial and the inferences that may be drawn from it in the light most favorable to the Government. *See, e.g. Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed.2d 680 (1942); *United States v. Bell,* 678 F.2d 547, 549 (5th Cir.1982) (en banc), *aff'd.* —— U.S. ——, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). Illuminated in that light, this appeal arose out of the following facts:

On April 8, 1982, Joseph Eugene Strakoff, the defendant-appellant, had business in the Federal Courthouse Building in Brownsville, Texas. The Courthouse has two public entrances into the lobby of the building, the main one off Elizabeth Street and one off 10th Street. To visit any of the several federal courts or other government offices in the building, one must go through a metal detector between the public entrances and the elevators. The "lobbies" for the post office and the mail boxes sit at opposite corners in the Courthouse lobby from these elevators.

Strakoff entered the Courthouse that afternoon just past 2:00 o'clock and walked directly to the desk of the security guard near the metal detector. He had in his possession a .38 caliber Derringer he had recently purchased in Houston and registered in his name, which he immediately placed in the tray for personal effects on the security guard's desk. So he could attend to his business in the Courthouse without fearing for the safety of his new gun, Strakoff requested (and eventually demanded) a receipt for the gun from the guard, a Federal Protection Services (FPS) employee.

The guard took possession of the gun, refused to let Strakoff pass through the metal detector and go about his business, and called for his FPS supervisor in the Courthouse. When the supervisor arrived, Strakoff again demanded (and probably quite loudly) a receipt for his gun so he could attend to his business. The supervisor then placed him under arrest, read him his rights, and Strakoff was taken to jail.

Four days later Strakoff was charged with "carrying and possessing a firearm, to-wit: a Derringer, .38 special caliber, in the Federal Building Courthouse" in violation of 41 C.F.R. § 101–20.313 (1982).[1] On April 22, 1982, he pleaded not guilty, was convicted by a U.S. Magistrate after a bench trial in which he was ably represented by a Federal Public Defender, and was sentenced to time already served (about 14 days). During trial, Strakoff's counsel moved for acquittal, in part on the basis that the Government had failed to show that notice of § 101–20.313 was posted "in a conspicuous place" in the Courthouse, as is required under 40 U.S.C.A. § 318a (West 1969).[2] The Magistrate ultimately held that the notice was posted "in the usual and customary places ... where other notices are usually posted, in what are considered conspicuous places," and the District Court

1. 41 C.F.R. § 101–20.313 (1982) declares:
   No person entering or while on [federal] property shall carry or possess firearms, other dangerous or deadly weapons, explosives, or items intended to be used to fabricate an explosive or incendiary device, either openly or concealed, except for official purposes.

2. 40 U.S.C.A. § 318a (West 1969) provides (emphasis added):
   The Administrator of General Services or officials of the General Services Administration duly authorized by him are authorized to make all needful *rules and regulations for the government of the Federal* property under

their charge and control, and to annex to such rules and regulations such reasonable penalties, within the limits prescribed in section 318c of this title, as will insure their enforcement: *Provided,* That *such rules and regulations shall be posted and kept posted in a conspicuous place on such Federal property.*

Section 318c provides (emphasis added):
   Whoever shall violate any rule or regulation *promulgated pursuant to section 318a of* this title shall be fined not more [sic.] $50 or imprisoned not more than thirty days, or both.

on appeal agreed in affirming the conviction.

At trial before the Magistrate it was shown that notices of the various rules and regulations promulgated under § 318a, *see* note 2, *supra,* including § 101–20.313, were posted on the second, third, and fourth floors of the Courthouse next to the elevator buttons for each floor. There were also notices posted in two bulletin boards on the first floor, one in the mail box "lobby" and one near the Elizabeth Street exit on an inside wall of the Courthouse lobby.[3] No notice of § 101–20.313 was posted near the first floor metal detector or elevators or on the outside of either public entrance, and it was admitted by all that one entering the Courthouse through either public entrance, going directly to and through the metal detector, and boarding an elevator to get to the courts or other federal offices would never see a posted notice. In fact, Strakoff himself gave uncontradicted testimony that he had not seen any notice and that he did not realize the prohibitions of § 101–20.313 until he was charged with its violation.

The question, after viewing the evidence in the light most favorable to the prosecution, is whether any reasonable trier of fact—here, the Magistrate—could find that the evidence establishes Strakoff's guilt beyond a reasonable doubt. *See, e.g., Jackson,* 443 U.S. at 319, 99 S.Ct. at 2789; *Bell,* 678 F.2d at 549. But for Strakoff to have violated § 101–20.313, the regulation must have been "promulgated pursuant to section 318a," *see* note 2 *supra,*—posted and kept posted "in a conspicuous place" in the Courthouse. Where is "in a conspicuous place"?

Looking to the sage of jurisprudential definition, we find that, "Within the meaning of a statute relating to the posting of notices, a 'conspicuous place' means one which is reasonably calculated to impart the information in question." *Black's Law Dictionary,* 382 (rev. 5th ed. 1979). Absent any legislative or judicial precedent to the con-

trary, there is no reason not to adopt this logical, accepted interpretation for this statutory term of art.

■ No such contrary precedent exists. First of all, the legislative history of § 318a is at best inconclusive, informative of only that the posting proviso was added as an amendment to the original text put before Congress. *See* Senate Rep. No. 1176, 80th Cong., 2d Sess., *reprinted in* 1948 U.S.Code Cong. & Ad.News 1627, 1628. More importantly, our research uncovered no federal decision which even interprets "in a conspicuous place" under § 318a, much less mandates against the traditional definition of that phrase. Moreover, in those few § 318a decisions which do describe the method of posting, presumably because those postings were statutorily adequate, the postings clearly were "reasonably calculated to impart the information in question." *See United States v. Cassiagnol,* 420 F.2d 868, 870–71 (4th Cir.1970) (rules limiting area of rally "were posted *in all main entrances* of the Pentagon *and in the lots* throughout the Pentagon grounds") (emphasis added), *cert. denied* 397 U.S. 1044, 90 S.Ct. 1364, 25 L.Ed.2d 654 (1970); *United States v. Murray,* 352 F.2d 397, 398–99 (4th Cir.1965) (parking regulations posted in the building adjacent to the parking lot and deemed further posted through the marking of parking spaces in the lot); *United States v. Akeson,* 290 F.Supp. 212, 213 (D.Colo.1968) (rules proscribing unseemly or disorderly conduct were "*prominently displayed at the entrances* to the Customs House") (emphasis added); *c.f. United States v. Williams,* 533 F.Supp. 448, 449 (E.D.Pa.1982) (in appeal from denial of Magistrate to return defendant's gun after defendant had been acquitted of violating § 101–20.313, because the "notice of the regulation posted at the entrance of the Courthouse was inadequate," Court mentions that FPS subsequently "placed a *more prominent sign* describing the prohibition of § 101–20.313 *at the entrance* to the Courthouse"). Thus, we

---

**3.** The existence of the second Elizabeth Street notice was brought out by witnesses for the defense; both Government witnesses maintained that there was only one first floor notice—in the mail box "lobby."

hold that notice of § 101–20.313 must be posted in places in the Courthouse reasonably calculated to impart the prohibition of that section—"no person entering or while on [federal] property shall carry or possess firearms...." *See* note 1, *supra.*

The testimony at trial makes it clear that, at best, there were two notices on the first floor of the Courthouse, in the *separate* mail box "lobby" and on an *inside* wall of the Courthouse lobby by the Elizabeth Street *exit,* and one on each of the three *upper* floors by the elevator buttons. It can hardly be contended that such sites were "reasonably calculated to impart" the prohibition of § 101–20.313 to citizens *entering* the Courthouse, since to have even seen the notices one must have already entered the building. Once inside, there was not a single notice between either public entrance and the metal detector. Persons going directly to and through the metal detector and to the elevators, in order to get to the federal courts and other federal offices on the upper floors, would never see any notice. The notices of § 101–20.313 could arguably be conspicuous only to those visitors *leaving* the Courthouse (*i.e.*—boarding an elevator on an upper floor or approaching the Elizabeth Street exit to leave the building), despite the fact that just entering the Courthouse with a gun is illegal. *See* note 1, *supra.*

Because notice of § 101–20.313 was not posted "in a conspicuous place"—not posted in places reasonably calculated to impart the prohibitions of that section—the regulation simply did not conform to the posting proviso of § 318a. Because of this inconformity, and absent any showing that Strakoff did in fact have notice of the proscriptions of § 101–20.313, this conviction cannot stand.

REVERSED.