**UNITED STATES of America, Plaintiff,**

v.

**Lloyd L. BOYER, Defendant.**

No. 96–1695M.

United States District Court,
D. Colorado.

Aug. 12, 1996.

Claes Lauenhaupt, Steven Solerno, Special Asst. U.S. Attys., Aurora, CO, for U.S.

Lloyd L. Boyer, pro se.

## MEMORANDUM OPINION AND ORDER

BORCHERS, United States Magistrate Judge.

THIS MATTER comes before the Court on the motion to dismiss filed by Lloyd L. Boyer (Defendant). Plaintiff has filed a response to the motion. Further argument will be waived.

The facts necessary for resolution of this motion are not in dispute. Defendant is an attorney in the State of Colorado. Defendant also is an officer in the United States Army Reserve. As a result of his reserve duties, Defendant frequently travels to the United States Army Garrison (USAG) in Aurora, Colorado.[1]

On December 14, 1995, Defendant was travelling at the USAG in his own vehicle. He was stopped by a Department of Defense police officer who charged him with speeding. The officer alleged that Defendant was travelling 31 mph in a posted 20 mph zone. Defendant received a violation notice and was allowed to leave. The violation notice provided for an option of paying a collateral forfeiture of $50.00.

Defendant appeared before this Court to contest the violation notice. Defendant has moved for dismissal of the charge against him on various grounds. The motion to dismiss will require an examination of the underlying law applicable to the charge.

The violation notice charged Defendant with speeding in violation of Colo.Rev.Stat. § 42–4–1101 (§ 1101) and 32 C.F.R. § 210.3. Defendant argues that § 1101 is not a criminal statute that can be assimilated and made a federal crime pursuant to the Assimilative Crimes Act (ACA). 18 U.S.C. § 13. *See,*

Colo.Rev.Stat. § 42–4–1701(4)(a)(1). Defendant argues that he cannot be charged with this offense, as it is only a civil matter and cannot be assimilated to the USAG. *See, United States v. Carlson,* 900 F.2d 1346 (9th Cir.1990); *United States v. Golden,* 825 F.Supp. 667 (D.N.J.1993).

Plaintiff notes that Defendant is not charged with an offense under the ACA. Plaintiff argues that 32 C.F.R. § 210.3 (§ 210.3), under which Defendant is charged, bears no relationship to the ACA. The Court agrees that the ACA is not applicable to this case; only the regulatory section applies.[2]

■ Defendant argues that § 210.3 is like the ACA and cannot assimilate state statutes that are civil in nature. Further, Defendant argues that § 210.3 is based upon an improper legal foundation.

Congress provided that regulations could be promulgated to control activity on federal property.

> The Administrator of General Services or officials of the General Services Administration duly authorized by him are authorized to make all needful rules and regulations for the government of the property under their charge and control, and to annex to such rules and regulations such reasonable penalties, within the limits prescribed in section 318c of this title, as will insure their enforcement: Provided, That such rules and regulations shall be posted and kept in a conspicuous place on such property.

40 U.S.C. § 318a. These regulations are subject to a criminal penalty if violated.

> Whoever shall violate any rule or regulation promulgated pursuant to section 318a of this title shall be fined not more than $50 or imprisoned not more than thirty days, or both.

40 U.S.C. § 318c.

The Administrator of the General Services Administration delegated to the Secretary of

---

1. This military facility used to be known as Fitzsimons Army Medical Center. As a result of budgetary pressures, the base is being closed. The medical center has been deactivated, leaving only a military detachment at the base. The base will cease to be an active duty military facility by the year 2000.

2. Plaintiff concedes that those portions of Colorado's traffic code that have been decriminalized cannot be assimilated under 18 U.S.C. § 13.

Defense the authority to promulgate traffic and pedestrian regulations for military installations within the United States. *See,* Appendix C, 32 C.F.R. § 634. This particular delegation became effective on June 24, 1981. The delegation provided that any rules and regulations were to be promulgated in accordance with § 318c and the policies of the General Services Administration (GSA).

■ Defendant has argued in his motion and other pleadings that 40 U.S.C. § 318a provides Congressionally-granted power to the GSA Administrator that cannot be delegated. Defendant argues, therefore, that only the GSA Administrator can enact regulations that can be criminally punished under § 318c. Defendant cites no statutory provision that prohibits such delegation, nor does he cite any cases. The Delegation of Authority specifically provides that the Secretary of Defense is "to assist in controlling vehicular and pedestrian traffic on military installations in the United States." Appendix C, 32 C.F.R. 634. Regulations promulgated, thus, become the regulations of the Administrator of GSA, not the regulations of the Secretary of Defense. This Court finds nothing improper in the Secretary of Defense establishing rules and regulations for military installations, in lieu of direct enactment of such rules and regulations by the Administrator of GSA.

Pursuant to the delegation from the Administrator of GSA, the Secretary of Defense promulgated 32 C.F.R. § 210.3. The regulation reads, in part, as follows:

§ 210.3 Policy.

(a) It is the policy of the Department of Defense that an effective, comprehensive traffic safety program be established and maintained at all military installations as prescribed in DOD Directive 6055.4.

(b) State vehicular and pedestrian traffic laws that are now and may hereafter be in effect shall be expressly adopted and made applicable on military installations to the extent provided by this part. All persons on a military installation shall comply with the vehicular and pedestrian laws of the state in which the installation is located.

(c) Pursuant to the authority established in the Enclosure 1 to DOD Directive 5525.4, installation commanders of all DoD installations in the United States and over which the United States has exclusive or concurrent legislative jurisdiction are delegated the authority to establish additional vehicular and pedestrian traffic rules and regulations for their installations. All persons on a military installation shall comply with locally established vehicular and pedestrian traffic rules and regulations.

(d) A person found guilty of violating, on a military installation, any state vehicular or pedestrian traffic law or local installation vehicular or pedestrian traffic rule or regulation made applicable to the installation under the provisions of this part is subject to a fine of not more that $50 or imprisonment for not more than 30 days, or both, for each violation.

(e) A copy of this part shall be posted in an appropriate place on the DoD installation concerned.

32 C.F.R. § 210.3. In addition, the Secretary of Defense provided as follows:

(e) In States where traffic law violations are State criminal offenses, such laws are made applicable under the provisions of 18 U.S.C. 13 to military installations having concurrent or exclusive Federal jurisdiction.

(f) In those States where violations of traffic law are not considered criminal offenses and cannot be assimilated under 18 U.S.C., DODD 5524.4, in Appendix C to part 634 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military installations having concurrent or exclusive Federal jurisdiction. It also delegates authority to installation commanders to establish additional vehicular and pedestrian traffic rules and regulations for their installation. Persons found guilty of violating the vehicular and pedestrian traffic laws made applicable on the installation under provisions of that directive are subject to a fine of not more than $50.00 or imprisonment for not more than 30 days, or both, for each violation (40 U.S.C. 318c). In those States where traffic laws cannot

be assimilated, an extract copy of this paragraph and a copy of DODD 5525.4 in Appendix C, will be posted in a prominent place accessible to persons assigned, living, or working on the installation.

32 C.F.R. § 634.25. Thus, the Secretary of Defense has adopted a policy for traffic and pedestrian control on all military installations in the United States that provides: (1) all state traffic offenses that are criminal shall be assimilated through the ACA; and (2) all non-criminal traffic offenses shall be adopted as the rules for traffic and pedestrian control for the specific installation and be subject to the penalty set forth in 40 U.S.C. § 318c.

By adopting by regulation all state rules that are non-criminal, the Secretary of Defense has been able to provide uniformity of regulation on all installations. That is the case at USAG, since the rules of the road are the same on the installation as off. This Court has been provided no authority by Defendant that adoption of state non-criminal offenses by regulation is improper. This Court is aware of no such authority and finds that 32 C.F.R. § 210.3, when coupled with 32 C.F.R. § 634.25, is an appropriate exercise of authority as granted by 40 U.S.C. § 318a. *See, United States v. Golden*, 825 F.Supp. at 670.

■ Defendant argues finally that the regulations most be posted in an appropriate place and that has not occurred in this case. Defendant points to *United States v. Strakoff,* 719 F.2d 1307 (5th Cir.1983) as authority for his position.

During the course of oral argument, Plaintiff made an offer of proof that the appropriate regulations were posted in a glass case in the Provost Marshal's Office at USAG. Plaintiff did not dispute Defendant's proffer that the regulations were posted behind the desk sergeant and were available only through a locked door. Plaintiff proffered that access to the regulations was available upon request and that the desk sergeant or designee would allow access through the locked door.

In *United States v. Strakoff,* the defendant was charged with violation of a regulation promulgated under § 318a. Defendant had entered the Federal Courthouse Building in Brownsville, Texas. He had in his possession a handgun. He was charged with possession of a handgun in a federal building in violation of 41 C.F.R. § 101–20.313. Defendant argued that proper posting of the regulation had not occurred, and the Fifth Circuit agreed. The court found that the regulation had not been posted "in a conspicuous place" that would reasonably provide notice to those entering the building and being governed by it.

There are few cases dealing with the posting requirement of § 318a. *United States v. Cassiagnol,* 420 F.2d 868 (4th Cir.1970) (rule limiting area for rally had been posted); *United States v. Murray,* 352 F.2d 397 (4th Cir.1965) (parking regulations posted in building next to lot held proper, when coupled with markings on lot). In all cases, the posting requirement was held to be an integral part of the regulation and a matter to be proven during trial.

Much of Defendant's argument concerning lack of proper posting is hyperbole, especially in light of Defendant's professional status as a lawyer. One point, though, cannot be easily dismissed. Under Colorado law, a person charged with a like speeding charge would be given a traffic infraction notice. That defendant could not be arrested at the scene, even if he or she refused to accept the notice. Colo.Rev.Stat. § 42–4–1505.5. If that defendant failed to appear for a court hearing, a judgment would be entered against that defendant. Colo.Rev.Stat. § 42–4–1505.7(2). That defendant would be required to resolve the outstanding judgment before renewing his or her driver's license. Colo.Rev.Stat. § 42–4–1505.5(7).

Under 40 U.S.C. § 318a and 32 C.F.R. § 210.3, a defendant is subject to arrest both at the scene and for failure to appear. Indeed, a bench warrant was issued against Defendant in this case, though such issuance was in error and was rescinded. A defendant is subject also to a possible sentence to confinement, though he or she would not face such a possibility under state law. This Court agrees that the posting requirement is mandatory under § 318a and appropriate in light of the "criminalization" of Colorado's

rules of the road that are non-criminal under state law.

The question then is whether the posting in this case is in conformity with the law. Defendant points out that 32 C.F.R. § 210.3 requires posting in "an appropriate place." Posting under 32 C.F.R. § 634.25 must be in "a prominent place accessible to persons assigned, living, or working on the installation." The statutory requirement under § 318a is that regulations be "posted in a conspicuous place on such property."

 In this case, Plaintiff's proffer of evidence was that the regulations were posted in the Provost Marshal's Office behind a locked door. Though Plaintiff indicated that access was available to all members of the public, the posting was not done in a place that was easily "accessible to persons" and not in a conspicuous place. There is no magic formula under § 318a as to an appropriate place for posting, and the requirements of *Strakoff* are not necessarily applicable here, in light of the uniformity of the rules of the road in Colorado. Any posting must be done in a place that is freely accessible to the public. Plaintiff's acknowledgement that the posting of the regulations was behind a locked door doomed its case, as such posting is not in compliance with § 318a or either of the regulations at issue. At the very least, the two regulations, 32 C.F.R. § 210.3 and 32 C.F.R. § 634.25, must be posted in a location or locations that are freely accessible to the public. That is not the case here.[3]

Based upon Plaintiff's offer of proof at the hearing and acknowledgement that the posting is in a location that is not freely accessible to the public, this Court holds as a matter of law that the posting provision of 40 U.S.C. § 318a has not been met. Since the posting requirement is an essential element of the charge, Defendant's motion must be granted.

IT IS HEREBY ORDERED that Defendant's motion to dismiss is granted on the basis of a lack of posting in a conspicuous place; and

IT IS HEREBY ORDERED that the violation notice is dismissed with prejudice.

DATED and ENTERED this 12th day of August, 1996.

---

**3.** This Court does not hold that notice must be posted at each entrance to the USAG. That may be desirable and the easiest way to comply with the posting requirements of § 318a. The Court's holding is only limited to a finding that the present posting at USAG is not in compliance with § 318a.