SYSTEMS WEST LLC, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

National Labor Relations
Board, Petitioner,

v.

Systems West LLC, Respondent.

No. 04–74764.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 2006.

Decided Aug. 4, 2006.

Gary E. Lofland, Esq., Lofland & Associates, Yakima, WA, for Petitioner.

Regional Director, National Labor Relations Board, Seattle, WA, Aileen A. Armstrong, Esq., Fred B. Jacob, Gregory Lauro, Esq., National Labor Relations Board Contempt Litigation & Compliance Branch, Washington, DC, for Respondent.

Before: MCKEOWN and CLIFTON, Circuit Judges, and EZRA,* District Judge.

* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

## MEMORANDUM **

The National Labor Relations Board found that Systems West violated section 8(a) of the National Labor Relations Act, 29 U.S.C. § 158(a), through various incidents of unfair labor practices, and ordered Systems West to cease and desist those violations, to post notices of employee rights around its jobsites, and to set aside the results of the Union representation election. This court does not have jurisdiction to directly review the Board's order setting aside the representation election. *Raley's, Inc. v. NLRB*, 725 F.2d 1204, 1205 (9th Cir.1984) (en banc). Systems West's petition for review is therefore dismissed in part, and the scope of the court's review is limited to the order to cease and desist unfair labor practices and to post and mail remedial notices to employees.

The Board's findings of unfair labor practices are supported by substantial evidence in the record that under all the circumstances, the supervisor statements characterized by the Board as unlawful interrogations or threats "reasonably [tended] to restrain or interfere with the employees in the exercise of their protected rights" under section 7 of the NLRA. *NLRB v. Bighorn Beverage*, 614 F.2d 1238, 1241 (9th Cir.1980) (quoting *Penasquitos Village, Inc. v. NLRB*, 565 F.2d 1074, 1080 (9th Cir.1977)). *See also McDaniel Ford, Inc.*, 322 NLRB 956, 962 (1997). The Board also correctly applied *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 618–19, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969), in determining that certain statements regarding the effect of unionization were unlawful threats rather than privileged predictions based on objective fact regarding consequences beyond Systems West's control.

The ALJ discredited Systems West's claim that special circumstances justified the prohibition of union insignia at jobsites based on customer objections. This credibility determination is entitled to deference. *Retlaw Broadcasting Co. v. NLRB*, 53 F.3d 1002, 1006 (9th Cir.1995). Even if Systems West's explanation for the prohibition is sincere, antipathy of a customer towards a union is not the kind of special circumstance that justifies a blanket prohibition of union campaign material. *See Control Services, Inc.*, 303 NLRB 481, 485 (1991); *Burger King Corp.*, 265 NLRB 1507, 1507–08 (1982); *Pay'n Save Corp. v. NLRB*, 641 F.2d 697, 700–01 (9th Cir. 1981).

Systems West's due process challenge to the Board's rule directing the posting of election notices in "conspicuous places" on the ground that it is unconstitutionally vague is also without merit. Systems West advances no plausible argument or authority to suggest that "persons of common intelligence must necessarily guess" at the meaning of "conspicuous." *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 554 (9th Cir.2004) (internal quotations marks omitted). Relating to the posting of notices, a "conspicuous place" means one which is reasonably calculated to impart the information in question. *United States v. Bichsel*, 395 F.3d 1053, 1055 (9th Cir. 2005) (adopting the Black's Law Dictionary definition of "conspicuous place" for purposes of posting notices of regulations for the protection and administration of federal property under 40 U.S.C. § 1315).

**PETITION FOR REVIEW DISMISSED IN PART; DENIED IN PART.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

PETITION FOR ENFORCEMENT GRANTED.