
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10316 |
| Plaintiff-Appellee, | |
| v. | D.C. No.<br>2:14-cr-00323-JAM-1 |
| JOHN E. GODFREY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted August 9, 2016[**]
San Francisco, California

Before: GRABER and McKEOWN, Circuit Judges, and LYNN,[***] Chief District
Judge.

Defendant John E. Godfrey appeals his conviction, following a bench trial,

for damaging a natural feature or other property of the United States in violation of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***] The Honorable Barbara M. G. Lynn, United States Chief District Judge for the Northern District of Texas, sitting by designation.

16 U.S.C. § 551 and 36 C.F.R. § 261.9(a); and constructing, placing, or maintaining a significant surface disturbance without authorization, in violation of 16 U.S.C. § 551 and 36 C.F.R. § 261.10(a). We affirm.

1. To the degree that Defendant claims that 36 C.F.R. Part 261's prohibitions do not apply to mining operations conducted on National Forest Service land, that argument is foreclosed by United States v. Doremus, 888 F.2d 630, 631–32 (9th Cir. 1989), in which we rejected the argument that mining operations are "exempted from the prohibitions of 36 C.F.R. Part 261."

2. Defendant contends that he should not have been prosecuted under 36 C.F.R. Part 261 because he never received formal written notice of noncompliance pursuant to 36 C.F.R. § 228.7(b). But Defendant failed to comply with Part 228's prerequisites for exercising a right to conduct mining operations by refusing to submit a notice of intent or proposed plan of operations before he began activities that were likely to cause significant resource disturbances. See 36 C.F.R. § 228.4(a). Section 228.7's notice procedures, therefore, do not apply. See 36 C.F.R. § 228.7 (providing that officers shall periodically inspect operations to determine if the operator is in compliance with "the regulations in this part and an approved plan of operations" and, if the operator is not in compliance with either of

2

those requirements, the "officer shall serve a notice of noncompliance upon the operator" (emphasis added)).

Defendant also argues that his operations were "de minimis" and, therefore, that he was excused from the requirement to file a notice of intent or a proposed plan of operations. See 36 C.F.R. § 228.4(a)(1) (exempting from the administrative process a series of activities that do not cause "significant surface resource disturbance"). But Defendant's activities, such as the cutting of trees, plainly caused significant surface disturbance, so he is disqualified from claiming that his operations were exempt from the approval process. See, e.g., id. § 228.4(a)(1)(vi) (stating that exempt operations include those "which will not involve . . . the cutting of trees").[1]

Regardless, even if Defendant had been entitled to formal written notice, he had actual notice that his operations were unlawful: Forest Service officials repeatedly told him to stop his activities and gave him specific directives to submit a notice of intent or a plan of operations. Defendant failed to heed those directives despite acknowledging them and stating that he would comply. Cf. United States

---

[1] Likewise, Defendant's argument that he should not have been subject to criminal prosecution because his actions did not cause "unnecessary or unreasonable injury" to the environment is belied by the record. Defendant repeatedly refused to follow Forest Service officials' directives, and his actions caused significant disturbance to the environment.

3

v. Bichsel, 395 F.3d 1053, 1056 (9th Cir. 2005) (holding that actual notice fulfills a notice requirement that an applicable federal regulation be conspicuously posted because "actual notice is the best notice").

3.  Because Defendant had actual notice of the unlawfulness of his actions but chose to disregard that notice, his challenge that 36 C.F.R. Part 261's prohibitions are unconstitutionally vague necessarily fails.  See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 495, 500 (1982) (noting that "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others," and holding that the plaintiff's "facial challenge fails because . . . the ordinance is sufficiently clear as applied to [the plaintiff]").

**AFFIRMED.**