

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No. 16-10053 |
| Plaintiff-Appellee, | D.C. No. CR-14-02153-001-TUC-RM |
| v. | |
| **WENDY BEDOYA; SANDRA GARNICA; KATERINA O. SINCLAIR; WALTER E. STATON; RYAN TOMBLESON; and RACHEL L. WINCH** | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted December 12, 2016[**]
San Francisco, California

Before:  **KOZINSKI** and **N.R. SMITH**, Circuit Judges, and **GLEASON**,[***]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Sharon L. Gleason, District Judge for the U.S. District Court for the District of Alaska, sitting by designation.

Appellants appeal the district court's order affirming their convictions for violations of 41 C.F.R. § 102-74.390(b) and 41 C.F.R. § 102-74.385 following a bench trial before a magistrate judge. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

**1.** Appellants contend the trial judge erred by precluding evidence supporting a defense of entrapment by estoppel. A trial court's decision to exclude evidence of a particular defense is reviewed de novo, *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir. 2010) (citing *United States v. Brebner*, 951 F.2d 1017, 1024 (9th Cir. 1991)), and a trial court may exclude such evidence if the defendant fails to make a prima facie showing that he is eligible for the defense, *id.* (citing *United States v. Moreno*, 102 F.3d 994, 997-98 (9th Cir. 1996)). Appellants' proffer here did not establish a prima facie case supporting the defense. The allegations did not suggest that the AUSA "affirmatively told [the defendant] the proscribed conduct was permissible," *id.*, and "vague or even contradictory" comments are not sufficient to establish the defense, *United States v. Hancock*, 231 F.3d 557, 567 (9th Cir. 2000). The trial judge did not err in excluding this evidence.

**2.** Appellants also contend that the government failed to present sufficient evidence of "actual notice" to support their convictions. The government presented evidence that a uniformed federal officer advised each defendant that they were in violation of federal law and that, if they left peacefully, they would not be prosecuted. Appellants did not leave until three hours after this advisement. Viewing the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), we conclude that a rational trier of fact could have found beyond a reasonable doubt that Appellants had actual notice that their conduct violated federal law. *See United States v. Bichsel*, 395 F.3d 1053, 1057 (9th Cir. 2005).

**AFFIRMED.**