**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50239 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00814-DMG-1 |
| v. | |
| NOAH HUIZAR, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted November 14, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and AMON,** District Judge.

Noah Huizar was convicted of violating 41 C.F.R. § 102-74.385, which

requires that persons on federal government property "comply with . . . the lawful

direction of Federal police officers and other authorized individuals." 41 C.F.R. §

102-74.385. The magistrate judge who presided over the bench trial imposed a $50

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

fine. The district court affirmed Huizar's conviction and fine, which he now appeals.

Huizar's conviction stems from an incident at a Social Security Administration (SSA) office in Norwalk, California, in 2015. While attempting to get information about his son's social security benefits, Huizar became argumentative and rude to an SSA employee. Because Huizar was creating a scene, a security guard approached and informed Huizar that it was "time for [him] to leave." Seconds later, according to the security guard's testimony, the guard placed his hand on Huizar's shoulder and began to escort him from the building. As the two moved towards the exit, Huizar complained that the guard was pushing him. Huizar eventually turned to face the security guard. The security guard believed Huizar, who was 79 years-old at the time, threatened to break his arm. The guard then physically subdued Huizar, handcuffed him, and Huizar was eventually issued a citation for violating § 102-74.385 – a Class C misdemeanor punishable by fine of up to $5,000 or 30 days imprisonment. *See* 41 C.F.R. § 102-74.450; 18 U.S.C. § 3559(a)(8); 18 U.S.C. § 3571(b)(6).

Huizar challenges his conviction on a variety of grounds. However, we need only address one to decide the appeal: the sufficiency of the "lawful direction" Huizar received. In challenging the sufficiency of the direction, Huizar relies on other cases that sustained convictions under § 102-74.385 or analogous

regulations. In each case, officers gave defendants an unambiguous command (often multiple times); officers ensured that the command was understood; officers communicated that defendants would be arrested for failing to comply with the order; and defendants were given a reasonable opportunity to comply. *See, e.g.*, *United States v. Stansell*, 847 F.2d 609, 610 (9th Cir. 1988); *United States v. Bichsel*, 395 F.3d 1053, 1057 (9th Cir. 2005); *see also United States v. Poocha*, 259 F.3d 1077, 1083 (9th Cir. 2001) (noting evidence of failure to comply with a lawful order was "far from overwhelming," even where ranger gave order twice, the order was clearly understood and refused, and a second ranger threatened arrest). Indeed, basic principles of due process likely require that any "lawful direction" contain all, or many, of these qualities. *See Kolender v. Lawson*, 461 U.S. 352, 357-60 (1983).

The direction Huizar received – "it's time for you to leave" – lacked these necessary elements. The direction was not clear. It was not repeated to ensure it was understood. Nothing suggests Huizar knew he could be arrested for failure to comply. Nor does it appear, based on all the facts, that Huizar was given a reasonable opportunity to comply with the order.

The direction Huizar received is thus insufficient to sustain a conviction for violating § 102-74.385. Though Huizar's conduct at the Social Security office was unacceptable, under the circumstances presented by this case, it was not unlawful.

3

We therefore **REVERSE** Huizar's conviction and sentence and **REMAND** to the district court with instructions to dismiss the case.

*United States v. Huizar*, No. 17-50239

AMON, District Judge, dissenting:

I respectfully dissent.

When reviewing a challenge to the sufficiency of the evidence, we construe the evidence in the light most favorable to the prosecution, determining "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). As the reviewing court, we may not ask whether we ourselves believe that the evidence at trial established guilt beyond a reasonable doubt—"only whether '*any*' rational trier of fact could have made that finding." *Id.* at 1164 (citation omitted). In my view, a reasonable factfinder could have concluded that the evidence was sufficient to convict Huizar of failure to comply with a "lawful direction" from an authorized individual. 41 C.F.R. § 102-74.385.

Whether the phrase "it's time for you to leave" constitutes a "lawful direction" is a fact-bound and context-specific determination. The phrase "it's time for you to leave" could be considered a command, if said in a demanding tone following a hostile altercation. It could also fall short of a command, if said in a benign tone in a subdued environment. Context matters, and it can render even a polite request or statement—such as "sir, please come with me" or "let's go"—an

unambiguous command. Indeed, officers in highly charged situations such as this one may intentionally use less imperious language to defuse situations or secure compliance. But it does not mean that their words are not nonetheless directions.

In this case, the security guard told Huizar "it's time for you to leave" after Huizar was argumentative and rude to a Social Security employee and "forced his way in through the window, crawled under the barrier glass and obtained [his son's] I.D. and paperwork." And after the guard told Huizar "it's time for you to leave," Huizar "stood there and remained argumentative and cussing and using foul language," suggesting that he knew he had been directed to leave and was unwilling to comply with that direction. In light of the disturbance Huizar created and his hostile response to the guard, a reasonable factfinder could have found that Huizar had received a "lawful direction."

Given the fact-bound and context-specific nature of the inquiry, I would conclude that it was within the realm of reason for the Magistrate Judge—who was closer to the evidence and witnesses presented at trial than this Court—to conclude that Huizar received a "lawful direction" and failed to comply with it. Accordingly, and because I find Huizar's remaining contentions to be without merit, I would affirm Huizar's conviction and fine.