**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-50043 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00800-PCL-JAH-1 |
| v. | |
| ARIAN CEBREROS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
John A. Houston, District Judge, Presiding

Argued and Submitted September 13, 2019
Pasadena, California

Before: BERZON, R. NELSON, and BADE, Circuit Judges.

Appellant Arian Cebreros appeals his conviction for misdemeanor impeding

a federal officer in violation 41 C.F.R. § 102-74.390, arguing (1) he did not have

actual notice his conduct was illegal and (2) his requests for further discovery on

the officers' disciplinary records should have been granted. We review the claim

of insufficient evidence de novo, *United States v. Stanton*, 501 F.3d 1093, 1099

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 2007), and the discovery ruling for abuse of discretion, *United States v. Doe*, 705 F.3d 1134, 1149–50 (9th Cir. 2013). We affirm.

1. 41 C.F.R. § 102-74.390, in relevant part, prohibits "[a]ll persons entering in or on Federal property" from "exhibiting disorderly conduct or exhibiting other conduct on property that . . . [o]therwise impedes or disrupts the performance of official duties by Government employees." Federal agencies must post notice of the regulation "at each public entrance to each Federal facility." 41 C.F.R. § 102-74.365. This court has not decided whether such a posting is a required element for a conviction under 41 C.F.R. § 102-74.390, but because the government does not challenge Cebreros's assertion that it is a required element, we do not decide the question in this case. If, however, posting is required, this element can be satisfied where a defendant has actual notice that conduct is prohibited by the regulation. *United States v. Bichsel*, 395 F.3d 1053, 1056-57 (9th Cir. 2005).

Here, there is sufficient evidence to find that Cebreros had actual notice. Cebreros maintains that actual notice requires the defendant to be informed of both (1) the exact conduct that is unlawful and (2) the possibility of jail time if he continues in the unlawful conduct. He argues the Customs and Border Protection (CBP) officer's warning that assaulting or kicking an officer was illegal did not provide him actual notice that refusing a pat down search was illegal. But *Bichsel* did not establish a two-prong test. "At some point, common sense must prevail."

2

*Id.* at 1057 (internal quotation marks omitted and brackets omitted). Cebreros was both warned that the officers had a duty to perform the pat down search and informed that he could be arrested for kicking an officer. After receiving both warnings, Cebreros certainly had actual notice that any subsequent assaultive or resistive behavior was unlawful and could lead to his arrest. Despite this actual notice, Cebreros continued to resist—he threatened to head-butt an officer and made a headbutting motion towards him. Cebreros's challenge to his conviction fails as a result. *See Bichsel*, 395 F.3d at 1057.

2. The district court did not abuse its discretion in denying Cebreros's discovery request for all complaints against the CBP officers. The prosecutor requested such information from CBP and turned over anything the prosecutor received to the defense or provided it to the magistrate judge in an ex parte submission. Each of the officers was also questioned, and none were aware of any complaints against them. At most, then, the only remaining evidence would be unsubstantiated complaints not contained in the "career records or disciplinary records" of the officers about which they were personally unaware. There is no evidence that the government did not comply with its duty to conduct a review of the relevant personnel files or that the information, if it existed, was material to the defense. *Cf. United States v. Jennings*, 960 F.2d 1488, 1491–92 (9th Cir. 1992).

And, upon independent review, the district court correctly decided that the material submitted ex parte to the magistrate judge did not need to be provided to Cebreros.

Nor did the district court err in refusing to order the prosecutor to run independent criminal histories on the officers. CBP already performs such checks as part of the United States Attorney's Office's official policy under *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). As a result, further discovery on this point was unnecessary.

**AFFIRMED.**