**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 17 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10065 |
| Plaintiff-Appellee, | D.C. No. 1:19-cr-00015-1 |
| v. | |
| CHENG JIN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Cheng Jin appeals pro se from the district court's order affirming his bench-trial conviction before a magistrate judge for violating 41 C.F.R. § 102–74.385. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Jin challenges the evidence presented during the bench trial. Specifically, he claims that on the day of his arrest he was not being disruptive, not blocking the entryway to the Immigration Customs Law Enforcement, Enforcement and Removal Operations ("ICRO") Office, and that he had a legitimate right to be there. We review the sufficiency of the evidence presented at a bench trial de novo. *See United States v. Stanton*, 501 F.3d 1093, 1099 (9th Cir. 2007).

Viewing the evidence in the light most favorable to the prosecution, a reasonable factfinder could conclude from the evidence that Federal Protective Services Inspector Sean White clearly directed Jin to leave the property or face arrest, and that Jin intentionally defied that order by remaining on the property and refusing to leave. Indeed, Jin admits that he knew he would be arrested if he failed to comply with the order, but willfully disobeyed the order because he disagreed with the reasoning for his removal. This evidence is sufficient to support Jin's conviction for failing to comply with a lawful direction of federal police officers and other authorized individuals under 41 C.F.R. § 102–74.385. *See United States v. Bichsel*, 395 F.3d 1053, 1056-57 (9th Cir. 2005).

To the extent Jin also argues that his trial counsel rendered ineffective assistance, we do not consider that claim in this direct appeal. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013).

**AFFIRMED.**