**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4122**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN L. IRBY,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.  Samuel G. Wilson, District Judge.  (7:06-cr-00087-sgw)

Argued:  January 31, 2008          Decided:  March 10, 2008

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Paul Graham Beers, GLENN, FELDMANN, DARBY & GOODLATTE, Roanoke, Virginia, for Appellant. Jean Barrett Hudson, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.  **ON BRIEF:** John L. Brownlee, United States Attorney, Jennie L. M. Waering, Assistant United States Attorney, Andrew Fowler, Third Year Law Student, Mariam Tadros, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant John Irby ("Irby") challenges his conviction for creating a disturbance on Department of Veterans Affairs ("VA") property, in violation of 38 C.F.R. § 1.218(a)(5), on the grounds that the government failed to prove an element of the offense--that notice of the regulation was posted at the site. Because we find that such posting is not an element of the offense, we affirm Irby's conviction.

## I.

Irby is an elderly veteran of the Vietnam War who, at the time of his arrest, was a participant in a VA program serving homeless veterans. On June 11, 2006, Irby was sitting outside a building at a VA hospital complex, talking with a group of friends. A VA nurse noticed that Irby smelled of alcohol and called the VA police. Officer Lisk responded to the call. Neither Officer Lisk nor the nurse knew Irby, nor his business at the VA.

Officer Lisk approached the group and asked to speak with Irby. Irby rose and approached Officer Lisk. Noticing that Irby smelled of alcohol, Officer Lisk asked Irby if he had been drinking, and Irby admitted that he had. To confirm, Officer Lisk again asked him if he had been drinking. This time, Irby replied in the negative. Officer Lisk continued to question Irby, who grew angry, cursed, and walked away.

Officer Lisk pursued him across several parking lots on the VA property, asking for Irby's name so he could complete his incident report. Irby continued to curse and shout derogatory comments at Officer Lisk, who then called for backup. Officer Fieschel caught up with the pair, and attempted to engage Irby in conversation. According to the Officer Fieschel, Irby began pushing him, and adopted a boxing stance towards the two policemen. When Irby allegedly moved to strike Officer Fieschel again, Officer Lisk deployed his pepper spray, hitting Irby in the side and back of the head. Officer Fieschel grabbed Irby, handcuffed and arrested him.

Irby was charged with, as relevant here, the misdemeanor of creating a disturbance on VA property in violation of 38 C.F.R. § 1.218(a)(5).[1] Irby moved for a judgment of acquittal before the magistrate judge, arguing that the government had failed to offer into evidence any proof that the regulations under which he had been charged were posted at the property, as required by 38 U.S.C. § 901(d) and 38 C.F.R. § 1.218(a). The Magistrate Judge denied the motion in a written order, then entered judgment against Irby. Irby was sentenced to two days' imprisonment, with credit for time

---

[1]Irby was also charged with assaulting an officer in violation of 18 U.S.C. § 111. The magistrate judge found, after trial, however, that "the government failed to prove the assault was forcible under the peculiar facts of this case," J.A. 133, and dismissed the charge.

served, and a $35 fine.  On appeal to the district court,[2] Irby's conviction was affirmed.  Irby timely appealed.

## II.

As Irby's appeal presents a pure question of law, we review de novo the district court's denial of Irby's motion for judgment of acquittal.  United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006).

To understand Irby's argument that the regulations and authorizing statute make the posting of notice an element of his offense, we must begin with the plain language of the statute. Farmer v. Employment Sec. Comm'n of N.C., 4 F.3d 1274, 1279 (4th Cir. 1993).  Section 901(a)(1) of Title 38 requires the Secretary of Veterans Affairs (the "Secretary") to "prescribe regulations to provide for the maintenance of law and order and the protection of persons and property on [VA] property."  38 U.S.C. § 901(a)(1). The Secretary has done so, prohibiting a number of unseemly activities, including "[e]ntering property under the influence of any . . . alcoholic beverage," 38 C.F.R. § 1.218(a)(7), and creating a disturbance, which includes "[c]onduct on property which creates loud or unusual noise" and "the use of loud, abusive, or otherwise improper language," id. § 1.218(a)(5).  In this case,

---

[2]A defendant may appeal to the district court a conviction for any misdemeanor tried before a Magistrate Judge under Federal Rule of Criminal Procedure 58(b)(3)(A).  Fed. R. Crim. P. 58(g)(2)(B).

4

Irby's suspected alcohol use, in violation of § 1.218(a)(7), initiated the police confrontation that led to his being charged for creating a disturbance, § 1.218(a)(5).

Neither the authorizing statutory subsection, nor the regulation subsection describing the offense of creating a disturbance, includes a requirement that the regulations be posted on VA property. Such requirement is found elsewhere in the statute and regulation. Section 901(d) of the authorizing statute provides:

> The rules prescribed under subsection (a) [requiring the Secretary to promulgate regulations], together with the penalties for violations of such rules, shall be posted conspicuously on property to which they apply.

38 U.S.C. § 901(d). The regulations mirror this requirement:

> Authority and rules of conduct. Pursuant to 38 U.S.C. § 901, the following rules and regulations apply at all property under the charge and control of VA . . . and to all persons entering in or on such property. The head of the facility is charged with the responsibility for the enforcement of these rules and regulations and shall cause these rules and regulations to be posted in a conspicuous place on the property.

38 C.F.R. § 1.218(a).

Irby's sole argument on appeal is that, according to the plain meaning of § 901(d), "[t]he misdemeanor regulations 'apply' at only those Department of Veterans Affairs facilities where they have been posted." Appellant's Br. at 6. Because the posting of the regulations is a condition precedent to their application, he

5

argues, the government must prove that the regulations were posted in order to convict him thereunder of creating a disturbance.

Irby's reading of the statute is precisely backwards. Section 901(d) assumes _first_ that the regulations will be promulgated and will apply at certain VA properties, _then_, referring to those defined properties, requires that "[t]he rules . . . shall be posted conspicuously" there. The regulations only confirm this straightforward reading of § 901(d), stating matter-of-factly that "the following rules and regulations apply at all [VA] property," 38 C.F.R. § 1.218(a), with no suggestion that the rules only apply at properties where notice is first posted. Irby's argument simply does not comport, therefore, with a plain reading of the statute.

Undeterred, Irby proffers an analogy to the (now-revised) statute governing the posting of notice on General Services Administration properties:

> The Administrator of General Services or officials of the General Services Administration duly authorized by him are authorized to make all needful rules and regulations for the government of the property under their charge and control, and to annex to such rules and regulations such reasonable penalties, within the limits prescribed in section 318c of this title, as will insure their enforcement: _Provided_, That such rules and regulations shall be posted and kept posted in a conspicuous place on such property.

40 U.S.C. § 318a (2002) (revised and recodified at 40 U.S.C. § 1315(c)(1)). A number of federal courts interpreting then-current § 318a read the "_Provided_" clause to render the authority of the Administrator of General Services to make rules and impose

6

penalties subject to the regulations first being "posted in a conspicuous place on such property." See, e.g., United States v. Brice, 926 F.2d 925, 928 (9th Cir. 1991); United States v. Strakoff, 719 F.2d 1307, 1309 (5th Cir. 1983); United States v. Boyer, 935 F. Supp. 1138, 1142 (D. Colo. 1996). Irby argues that, just as superceded § 318a made posting an element of offenses detailed in the underlying regulation, so too does § 901(d) of Title 38 require the government to prove that notice of the regulations was posted.

Again, Irby's argument ignores the plain language of § 901(d). In unequivocal terms, the superceded § 318a, by using the word "[p]rovided," underlined for emphasis, made the application of the section contingent on satisfaction of the notice-posting condition described in the limiting clause. Rather than supporting Irby's argument, § 318a demonstrates, to the contrary, that when Congress wishes to make posting an element of an offense, it is well aware of how to do so. Under the VA statute before us, the Secretary's authority to promulgate regulations is found in the non-conditional § 901(a); the posting requirement is situated elsewhere, in the unrelated § 901(d). Because the notice requirements in subsection (d) are not married to, nor made an express proviso of, the authority-granting provision in subsection (a), we find it clear that Congress did not intend that the posting of notice should be considered an element of any offense depicted in the regulations.

7

This result is eminently reasonable.  "The general rule that ignorance of the law . . . is no defense to criminal prosecution is deeply rooted in the American legal system."  Cheek v. United States, 498 U.S. 192, 199 (1991).  This ancient maxim is no less potent simply because the conduct here is criminalized by "duly promulgated and published regulation" and not directly by statute.  United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971).  Indeed, it should come as no surprise that engaging in a physical altercation with police officers is conduct likely to be punishable under the criminal law in any setting.  We therefore hold that the posting of notice of the regulations promulgated under § 901(a) is not properly considered an element of the offense of creating a disturbance on VA property in violation of 38 C.F.R. § 1.218(a)(5).

III.

Accordingly, the judgment of the district court is

AFFIRMED.

8