LYNCH, Chief Judge.
This is an appeal from a criminal misdemeanor conviction of a defendant convicted of badly soiling a courthouse bathroom. Following a bench trial, a United States magistrate judge found the defendant, Ronald Strong, guilty of willfully damaging federal property, 41 C.F.R. § 102-74.380(b), creating a hazard on federal property, id. § 102-74.380(d), and creating a nuisance on federal property, id. § 102-74.390(a). He was sentenced to seven days in jail. The defendant appealed to the district court, which, in a comprehensive oral decision, affirmed the conviction.
*53 Strong argues on appeal that his conviction must be reversed because the regulations he was charged with violating had not been posted outside the courthouse entrance but, rather, inside at the clerk’s office. He argues the outside posting was required by statute, 40 U.S.C. § 1315(c)(1), and by a General Services Administration (GSA) regulation, 41 C.F.R. § 102-74.365. He then links non-compliance with the regulation to the criminal prohibitions, arguing that no crime is committed absent outside posting. He also challenges the sufficiency of the evidence as to the mental state required for his conviction. We affirm.
Strong is wrong on all points. The statute merely requires posting of the regulations he violated in a conspicuous place on the property. They were so posted: they were conspicuously located on the wall next to the clerk’s office door. Strong had passed by those regulations a number of times and so notice was plainly posted as to him. While it is true that a GSA regulation both directed occupant agencies to post notice about the rules governing the building and then specified that the notice should be at each public entrance, nothing in the regulation says that imperfect compliance with the exterior posting requirement nullifies a conviction for violating the prohibition. The Secretary certainly has not said that those who violate the criminal regulations get a free pass because of a bureaucratic mix-up. The record is also more than sufficient to establish that Strong had the intent needed for conviction.
I.
In evaluating a claim that the evidence was insufficient to support a conviction, we consider “the facts in the light most favorable to the verdict.” United States v. Poulin, 631 F.3d 17, 18 (1st Cir.2011).
The events in this case took place at the Edward T. Gignoux U.S. Courthouse in Portland, Maine on May 24, 2011. The substantive criminal regulations Strong was charged with violating were posted on a wall immediately to the right of the entrance to the clerk’s office, although they were not posted at the courthouse’s front entrance. The plaque containing the notice was framed and in bold letters was entitled “Rules and Regulations Governing Conduct on Federal Property.” Moreover, at the bottom of the plaque the word “WARNING” in bold, all-capital letters and large font appeared. Anyone entering the clerk’s office would necessarily pass within inches of the posted regulations. Strong had passed by the regulations on many occasions when he had come to the clerk’s office to file documents in a civil case. He had hand-filed numerous documents with the district court between October 2010 and April 2011. Strong stipulated to the fact of these visits to the clerk’s office before April 2011.
On May 24, 2011, Strong arrived at the courthouse around 11:30 a.m. As he was about to pass through the metal detector near the entrance, Strong told the court security officer (CSO), Franklin Holcomb, that he needed to use the bathroom. Holcomb responded that Strong could do so as soon as he was screened. As Strong passed through the metal detector, Strong told Holcomb that he was defecating in his pants. Holcomb then escorted Strong to the first floor men’s room, which was about seventy-five feet away. Holcomb remained outside the restroom door until two Deputy U.S. Marshals arrived. They arrived under a previously established protocol as to Strong, implemented because there was an ongoing improper communication case involving Strong and a court *54 employee. When Strong left the bathroom five or ten minutes later, the deputies escorted him to the clerk’s office. Strong said nothing about the condition of the restroom to the deputies. Walking again past the notice of the regulations outside the clerk’s office, Strong left the courthouse five or ten minutes after that without any further incident.
No one used that men’s restroom for approximately fifteen minutes after Strong left the courthouse. At that point, a male law enforcement officer went to use it, but could not because of its condition. The officer told one of the CSOs that someone had soiled the first floor men’s room and asked for the CSOs to summon a cleaning person, which the CSOs did.
The supervisor of the courthouse’s cleaning company, Christina Mason, arrived to clean the restroom after receiving a call requesting that it be cleaned. She smelled feces from the hallway, and when she opened the door she could not enter the restroom because feces were on the floor where one would need to step to get inside. The restroom was unusable because it was so soiled. She saw that seventy-five percent of the floor was covered in feces, in chunks. She also saw feces smeared in spots on several walls in different areas. In fact, some of the feces were smeared more than two feet up on the walls. Feces were smeared on the paper towel and toilet paper dispensers, on the toilet paper itself, and on part of the toilet seat and the left side of the toilet bowl. There was also urine in the toilet, which had not been flushed; no feces were inside the liquid in the bowl. Mason testified that the feces were not only all over the bathroom but were “smearfed] in spots,” and not splattered. Strong’s plaid blue boxers, which were covered in feces, were found by Mason draped over the wastebasket where Strong admits he placed them because they were “destroyed.”
The state of the bathroom was so bad that Mason, who had fourteen years’ experience at the courthouse and training in cleaning up bodily substances, was initially at a loss for how to clean the restroom. She devised a plan and first used paper towels and disinfectant to remove the feces from the floor. She then cleaned the restroom three times with a bleach and water solution, and discarded the soiled underpants, the potentially soiled rug that had been outside the restroom, and the clothes she had been wearing using a biohazard bag.
On May 27, 2011, the government charged Strong in a three-count misdemeanor information with willfully damaging federal property, in violation of 41 C.F.R. § 102-74.380(b), creating a hazard on federal property, in violation of 41 C.F.R. § 102-74.380(d), and creating a nuisance on federal property, in violation of 41 C.F.R. § 102-74.390(a). Strong pled not guilty. On September 7, 2011, Strong’s counsel filed a motion to dismiss, arguing that compliance with 41 C.F.R. § 102-74.365, which requires posting of notice of the regulations Strong was convicted under at the building entrance, was a prerequisite to prosecution and that the government had failed to meet that requirement. We detail the argument below. Suffice it to say the magistrate judge (from New Hampshire) denied Strong’s motion.
At trial, CSO Holcomb, Deputy U.S. Marshal Sean Joyce, and cleaning supervisor Christina Mason testified as to the facts previously described.[1] The defen *55 dant offered his own testimony and that of Deputy Clerk Robert Allen. Strong’s testimony was essentially that he had an accident and he had done nothing more than try to clean himself up in the restroom. He also testified that he did not notice the feces on the wall or the extent to which feces covered the floor. As to Mason’s contrary description, Strong accused Mason of lying in her testimony about the condition of the restroom. The magistrate judge found Mason to be credible and made no determination about Strong’s credibility.
The magistrate judge found Strong guilty on all three counts. The court stated:
I find that Miss Mason is sufficiently credible to establish guilt beyond a reasonable doubt with respect to each of the three counts.
The defendant may very well have accidentally put some on the floor or on the walls as he tried to clean up, but it was smeared over 75 percent of the floor, on two walls at several different locations, and that indicates to me that in fact it was a willful act. He also did not report it to anybody, which you would think one who had an accident might say I’ve had an accident. So I find him guilty on each of the three counts.
The defendant appealed his conviction to the district court,[2] Fed.R.Crim.P. 58(g)(2)(B), which affirmed.
II.

Notice

We first treat the issue- of notice. Strong has admitted, as he must, that he knew that it would be wrong to spread feces around a bathroom, especially a public bathroom. He did not need notice posted on a wall to tell him that. His defense is that he did not do so, or at least did not do so intentionally, and even if he did, his conviction must fall because there was a violation of legal notice requirements. Strong argues that posting at the entrance of the building is a prerequisite for prosecution and that even if he had notice from an indoor posting of the plaque, that was not sufficient.
We review statutory and regulatory interpretations de novo. United States v. McFarland, 445 F.3d 29, 31 (1st Cir.2006). Strong’s argument is that the language of 40 U.S.C. § 1315(c)(1) and 41 C.F.R. § 102-74.365 supports his claim that posting at the entrance was a prerequisite for his prosecution. Neither the enabling statute nor the regulation conditioned Strong’s conviction on there being a posting of the substantive criminal regulations at the building entrance.
A. The Statute’s Conspicuous Posting Requirement Was Met
We begin with the statute, which states:
The Secretary, in consultation with the Administrator of General Services, may prescribe regulations necessary for the protection and administration of property owned or occupied by the Federal Government and persons on the property. The regulations may include reasonable penalties, within the limits prescribed in paragraph (2), for violations of the regulations. The regulations shall *56 be posted and remain posted in a conspicuous place on the property.
40 U.S.C. § 1315(c)(1) (emphasis added). The statute both authorizes the Secretary to come up with substantive rules needed for the protection and administration of the property and to post them. The statute only requires conspicuous posting, not posting at the entrance. It also does not require actual notice. For Strong, and for people going to the clerk’s office, as Strong repeatedly did, notice was clearly posted conspicuously in full compliance with the statute. The framed posting was right at the entrance to the clerk’s office at eye level and contained the word “WARNING” in large font and bold, all-capital letters at the bottom. All members of the public entering the building to go the clerk’s office have to pass directly in front of the notice immediately upon leaving the entrance vestibule after going through security.
Nonetheless, Strong claims United States v. Bichsel, 395 F.3d 1053 (9th Cir.2005), supports his argument. It does not. Bichsel, a Jesuit priest, chained himself to courthouse doors to protest a war. The regulations were posted inside the building and so were not within his view, raising the issue of whether the notice was conspicuous. Id. at 1054. Nonetheless, the Ninth Circuit affirmed his conviction because he received actual notice of the regulations. Bichsel did not decide whether conspicuous notice is a required element for a conviction pursuant to a regulation promulgated under § 1315. It only held that actual notice was sufficient. Bichsel, 395 F.3d at 1056-57; see also United States v. Irby, 269 Fed.Appx. 246, 249 (4th Cir.2008) (per curiam) (“[W]hen Congress wishes to make posting an element of an offense, it is well aware of how to do so.”). The notice here was in fact “conspicuously” posted for anyone going to the clerk’s office, as this defendant had done many times.[3]
Contrary to the dissent’s claim, our conclusion that the posting was conspicuous for someone in Strong’s position is not at odds with Bichsel or United States v. Strakoff, 719 F.2d 1307 (5th Cir.1983). The dissent adopts as a definition of “conspicuous place,” “one which is reasonably calculated to impart the information in question,” Strakoff, 719 F.2d at 1309 (quoting Black’s Law Dictionary 382 (rev. 5th ed.1979)). It then concludes that this requires posting outside the building entrance, but the statute says no such thing and provides no basis for adoption of a per se rule. Here, the posting was conspicuous. This case differs from Strakoff and Bichsel because in those cases the posting could not have reasonably imparted the information to those specific defendants *57 concerning their violations on the facts of those cases. Here, it could have.
In Strakoff, where the older version of the statute was at issue, the defendant was charged with bringing a firearm into the courthouse in violation of a GSA regulation. 719 F.2d at 1808. The court held that an individual could not be prosecuted for entering a federal courthouse with a firearm where the regulations were not posted at the entrance before the security screening, but rather at other places inside the courthouse. Id. at 1309-10. The Fifth Circuit reasoned that any person carrying a firearm would necessarily violate the regulation before being able to obtain the relevant information. Id. at 1310 (emphasizing that “just entering the Courthouse •with a gun is illegal”). That certainly was not the case here[4] because Strong had many opportunities to see the posting before he violated the regulations. And, contrary to the dissent’s implication, Strakoff did not create a bright line rule that for all offenses and for any prosecution posting must be provided at the entrance to be conspicuous.[5] Indeed, the Fifth Circuit specifically stated that the notice was “not posted in places reasonably calculated to impart the prohibitions of that section,” referring to the gun prohibition. Id. (emphasis added).
Likewise Bichsel does not create a rule that under the statute conspicuous posting must be outside the entrance of the building. To the contrary, in its analysis of the conspicuous posting question the Ninth Circuit focused on whether the posting was reasonably calculated to impart information to Father Bichsel himself. For example, the court stated “Father Bichsel ... had no way of seeing the posted notice,” and that the posting was not “reasonably calculated to impart notice to Father Bichsel or a similarly situated individual.” Bichsel, 395 F.3d at 1056. As we have discussed, with respect to Strong or similarly situated individuals going to the clerk’s office, the posting here was conspicuous.
B. The Regulation Does Not Make Posting a Prerequisite for Prosecution
That means Strong’s argument must rest on the regulation. We turn to the language of the posting regulation, United States v. Tobin, 480 F.3d 53, 56 (1st Cir.2007), on which Strong bases his argument:
The rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property. Each occupant agency shall be responsible for the observance of these rules and regulations. Federal agencies must post the notice in the Appendix to this part at each public entrance to each Federal facility.
41 C.F.R. § 102-74.365.
Strong reads into the substantive regulations a non-existent limitation on enforcement of the substantive crimes from this separate regulation in 41 C.F.R. § 102-74.365.
The regulation first says that the “rules in this subpart apply to all property under the authority of GSA and to all persons entering in or on such property.” Id. This works against Strong and makes clear that the prohibitions did apply to Strong. Second, the regulation says the occupant agencies are responsible for observance of the regulations. Third, it directs the agen *58 des to post the notice at each public entrance. Id. The regulation does not state that the regulations will not apply if they are not posted at each entrance and it contains no other limiting language on the applicability of the substantive regulations. Strong’s reading finds no support in the language or structure of the regulation.
It is also contrary to judicial construction of parallel regulations and statutes. For example, 38 C.F.R. § 1.218(a)[6] contains a clause mandating the posting of applicable regulations at VA facilities. The Fourth Circuit interpreted it and 38 U.S.C. § 901(d)[7] in United States v. Irby, 269 Fed.Appx. 246. In Irby, the Fourth Circuit held that a defendant making an argument almost identical to Strong’s was reading the language “precisely backwards,” because the language states that the rules do apply to all persons on the property and then requires posting. Id. at 248. The application of the rules was not preconditioned on conspicuous posting, just as the regulatory language here did not precondition application of the rules on posting at an entrance.
As the Irby court noted, the posting requirement was found both in a different subsection of the regulation than that which described the substantive offense and a different subsection of the statute than that which gave the Secretary authority to promulgate regulations. Id. The posting requirement relevant in this case is found in an entirely different section of the regulations, § 102-74.365, than the offenses for which Strong was charged and convicted, §§ 102-74.380(b) & (d), 102-74.390(a).
Moreover, it would be strange if the reading Strong advances was intended. Under Strong’s reading, if a building had multiple entrances and at all but one the posting was placed, an individual could avoid prosecution for committing a substantive offense even if he passed through one of the entrances with the posting. That-could not have been intended. The same is true here, where the regulation was imperfectly followed, but in a manner with no material, adverse impact on the defendant, since notice was posted in compliance with the statute and the defendant passed by the notice on a number of occasions. We see no reason to craft and use the extreme device of precluding conviction in order to better police the Secretary’s instructions to building managers. That would be contrary to the intent of both Congress and the Secretary.[8]
III.

Sufficiency of the Evidence

Strong also argues that there is insufficient evidence to convict him of the *59 three substantive offenses because he did not have the requisite intent; rather, he accidentally damaged the restroom, created a hazard, and created a nuisance. The magistrate judge required the government to show that Strong knowingly created a hazard and nuisance and willfully damaged the restroom. Although Strong’s appeal was initially framed as a challenge to the intent required, his reply brief clarifies that the district court “correctly found that ... Mr. Strong’s conduct ha[d] to be voluntary.” Strong argues not that the legal standard was incorrect, but that the evidence did not suffice to show that the conduct was voluntary or intentional. At its core, his argument is that to support his convictions his conduct in damaging the restroom and “in creating the hazard or nuisance cannot have been accidental.” The magistrate judge, however, found as a factual matter that Strong’s actions were willful.[9]
His claim of error regarding the sufficiency of the evidence is unpreserved. As a consequence, we review the evidence to determine if there is a “clear and gross injustice.” United States v. Hicks, 575 F.3d 130, 139 (1st Cir.2009) (quoting United States v. Gobbi, 471 F.3d 302, 309 (1st Cir.2006)) (internal quotation mark omitted); see also United States v. Concemi, 957 F.2d 942, 950 (1st Cir.1992). For the following reasons, we find no such injustice here.
Mason testified that Strong’s feces covered over seventy-five percent of the floor,[10] was on at least two walls, was on the left side of the toilet seat and bowl, and was near the paper towel and toilet paper dispensers, and that Strong’s feeescovered boxers were draped over the waste' basket. Importantly, Mason (the supervisor of the cleaning service) testified that in her opinion the feces were smeared and ’ not splattered as they might have been had they been accidentally distributed.
Strong took the stand and testified on his own behalf. He accused Mason of lying about the condition of the bathroom. He argued that he had created the mess, accidentally, while merely trying to clean himself up in the bathroom.
*60 After observing and listening to these two crucial witnesses, the magistrate judge found Mason to be credible and credited her testimony over Strong’s. Even when a challenge to such a determination is preserved, a factfinder’s determination of credibility is subject to clear error review. See Mitchell v. United States, 141 F.3d 8, 17 (1st Cir.1998). We find none here.
It is also relevant that the defendant did not report the state of the bathroom to anyone. It would have been easy for him to inform the two deputies waiting for him outside of the bathroom or the person with whom he spoke in the clerk’s office. And, at the time, Strong had twice lost on a social security case in the district court; the case had been dismissed, and his motion for reconsideration had been denied.
The dissent finds that the evidence supports Strong’s defense that the only reasonable inference is that “leftover feces were the result of an accident.” In so doing, the dissent views the facts anew in a favorable light to the defendant, whose testimony it repeats, rather than in the light most favorable to the verdict, as required on appeal. An appellate court is forbidden to do that. See United States v. Rodríguez-Reyes, 714 F.3d 1, 7 (1st Cir.2013) (on sufficiency of the evidence challenge we ask “whether any rational factfinder could have found that the evidence presented at trial, together with all reasonable inferences, viewed in the light most favorable to the government,” established guilt (quoting United States v. Medina-Martinez, 396 F.3d 1, 5 (1st Cir.2005) (internal quotation mark omitted))); United States v. Burgos, 703 F.3d 1, 4 n. 1 (1st Cir.2012) (“[W]e view the evidence, and all reasonable inferences therefrom, in the light most favorable to the Government.”). This is a cardinal rule of appellate review.
The dissent begins with the red herring argument that Strong accidentally lost control of his bowels, but that is immaterial to the pertinent question. The relevant question is not whether he purposefully defecated his pants, but whether he willfully spread his feces all over the bathroom resulting in a nuisance, hazard, and damage. Moreover, the refusal of the CSO to let Strong use the restroom before passing through security may have given Strong motive to soil the restroom.
Moreover, the dissent misstates the extent of the area covered by feces. It also attempts to argue that feces were found in those places where one would be touching to clean up after an accident. Contrary to the dissent’s view, seventy-five percent of the floor would not be covered in feces if Strong had only placed his jeans on the ground. And, the dissent claims it was “understandable]” that feces were found on the walls “near the floor” because Strong was frantically cleaning himself and his clothes. But Mason, whose testimony the court found credible, said the feces were more than two feet up the wall in some places; not just “near the floor.”
Finally, the dissent finds it persuasive that feces were not found in “difficult-to-clean places” such as the drywall, the sink, or the mirror, which it hypothesizes is what someone would do to willfully cause damage. Strong need not have contaminated 100% of all surfaces to support the conviction for what he did willfully do.
The defendant has not met the heavy burden he faces on appeal and the evidence is sufficient to support the magistrate judge’s verdict.
IV.
For the reasons stated, Strong’s convictions are affirmed.

. The defendant moved for a judgment of acquittal after the close of the government’s case on the ground that the government failed to show any intent. The court denied the *55 motion, with one exception not relevant here. The defendant did not make a renewed motion for judgment of acquittal after the close of his own case.

. Strong claimed, inter alia, that the magistrate judge erred in denying his motion to dismiss for inadequate notice. He did not make a sufficiency of the evidence claim, as he does in this appeal.

. Strong argues that we must interpret the applicable statutory language in light of an older version of the statute. The older statutory language enabled the agency to promulgate rules and regulations with reasonable penalties "Provided, [t]hat” the regulations were posted and kept posted in a conspicuous place on the property. 40 U.S.C. § 318a (2002). The "provided that” language has been dropped in the version at issue. That language is relevant, Strong claims, because the legislative history says that the amending legislation "makes no substantive change in existing law and may not be construed as making a substantive change in existing law." Pub.L. No. 107-217, subtit. V, § 5(b)(1), 116 Stat. 1062, 1303 (2002). That does not tell us, of course, what Congress understood the existing law to be. Strong argues that we must adhere to a rule that proper posting is an element of the substantive offense. United States v. Strakoff, 719 F.2d 1307, 1309-10 (5th Cir.1983). He says proper posting can only be outside posting. The dissent also claims posting must be at the entrance to be sufficiently conspicuous to constitute proper posting. As discussed in the text, that is not true and Strakoff is distinguishable from this case.

. In addition, possessing a gun properly registered in one’s name on entrance to a federal building is unlike the situation here, where everyone knows smearing feces in a bathroom used by others is wrong.

. The court also stated that the notice "could arguably be conspicuous ... to those visitors leaving the Courthouse,” because one posting was at an exit. Strakoff, 719 F.2d at 1310.

. The language of that Veterans Affairs (VA) posting regulation reads:
Pursuant to 38 U.S.C. [§ ] 901, the following rules and regulations apply at all property under the charge and control of VA ... and to all persons entering in or on such property. The head of the facility is charged with the responsibility for the enforcement of these rules and regulations and shall cause these rules and regulations to be posted in a conspicuous place on the property.
38 C.F.R. § 1.218(a).

. The statute reads: "The rules prescribed under subsection (a) [requiring the Secretary to promulgate regulations], together with the penalties for violations of such rules, shall be posted conspicuously on property to which they apply.” 38 U.S.C. § 901(d).

.We decline to engage in an "implied actual notice” analysis, as in the decisions below, at least in part because we do not know what it means or is intended to mean. Here, the notice was sufficiently conspicuous, there are no due process concerns, and the statute itself does not require “actual” knowledge, though actual knowledge is plainly an adequate substitute.

. The dissent argues, sua sponte, that the magistrate judge erred in initially using a "knowingly" mens rea for the two offenses of creating a hazard and creating a nuisance, neither of which contains an explicit mens rea requirement in the regulatory text. The third offense, damaging federal property, explicitly contains a willful mental state. The record shows, however, that after trial the magistrate used "willfulness” and made findings that Strong’s actions were "willful” — which is the standard Strong adopts — making the argument over the proper standard irrelevant.
Additionally, Strong does not argue, on appeal, that there was legal error as to the standard used, but solely that the evidence was insufficient. In his opening brief, he argued that the evidence was insufficient to prove that he acted willfully. And, in his reply brief Strong states: “The magistrate correctly found that in order to be convicted, Mr. Strong’s conduct had to be voluntary. Black’s law dictionary [sic] defines ’willful’ as ‘voluntary’ or ‘intentional’ ” (emphasis added). The reply brief goes on to concede that the government’s showing was satisfied if "his conduct in creating the hazard or nuisance [was not] accidental.” Strong’s argument is different than the dissent’s. The evidence is sufficient for a rational trier of fact to conclude that Strong did not accidentally smear feces in the bathroom.

. The dissent argues this fact is not material because the bathroom is small and not one meant for multiple users. Exhibit 10 is a photo of the clean bathroom, and supports the finding that the bathroom was large enough for someone to move around in without smearing to that extent; the extent of the smearing meant it could not have been accidental. Importantly, the magistrate judge that found the extent of the feces coverage to be highly relevant was in fact able to view the restroom.