# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 17, 2010

No. 09-10647

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

TIMOTHY WAYNE CRAIG,

Defendant–Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-57-Y

Before REAVLEY, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Timothy Wayne Craig was convicted in federal district court of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and was sentenced to 188 months' imprisonment. On appeal, Craig argues that the district court erred by denying his motion to suppress the firearm. The arresting officer, Officer Snyder, had probable cause to arrest Craig and did not act

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10647

unreasonably in effectuating the arrest.  Accordingly, we AFFIRM the district court's ruling.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Officer Snyder initiated a traffic stop on a car with an expired registration. The car pulled into a parking lot and stopped.  Officer Snyder parked his patrol vehicle and approached the car on foot.  Craig, the driver and sole occupant of the car, exited the car and stood between Officer Snyder and the car's open door. As Officer Snyder walked toward Craig, he saw what appeared to be the barrel and front sight of a handgun sticking out from under the driver's seat.  While asking for Craig's license and insurance, Officer Snyder confirmed that what he saw was a handgun.  Officer Snyder believed Craig was moving around in an effort to put himself between Officer Snyder and the gun.

Craig began to reach into his car.  Officer Snyder drew his weapon, pointing it at Craig's head.  After cursing at Craig and threatening to "blow [Craig's] head off," Officer Snyder pulled Craig away from the car.  Officer Snyder handcuffed Craig and secured Craig in the patrol car.  Officer Snyder retrieved the gun and apologized for using profanity, explaining that Craig's movement toward the gun put him in fear for his safety.

Craig was charged with being a felon in possession of a firearm.  Before trial, Craig moved to suppress the gun.  The district court denied the motion, explaining that the gun was in plain view and that the video from Officer Snyder's patrol car showed that Officer Snyder was lawfully outside of Craig's car when he saw the gun. The district court concluded that upon seeing the gun, Officer Snyder had probable cause to arrest Craig.  After a jury trial, Craig was found guilty.  Craig timely appealed.

## II.  JURISDICTION AND STANDARD OF REVIEW

This is a direct appeal from a judgment in a criminal case, and we have jurisdiction under 28 U.S.C. § 1291.  On review of a denial of a motion to

2

suppress, we review questions of law *de novo* and findings of fact for clear error. *See United States v. Mata*, 517 F.3d 279, 284 (5th Cir. 2008). We may affirm on any basis established by the record. *See Bramblett v. Comm'r of Internal Revenue*, 960 F.2d 526, 530 (5th Cir. 1992).

## III.  ANALYSIS

### A.   Whether Officer Snyder Had Probable Cause to Arrest Craig

"The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Piazza v. Mayne*, 217 F.3d 239, 245–46 (5th Cir. 2000) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)). Under the statute at issue in this case, "[a] person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club." TEX. PENAL CODE ANN. § 46.02 (2003). Among the affirmative defenses to section 46.02 is a defense for a person who is "traveling." *Id*. § 46.15. A person is "presumed to be traveling" if the person is, among other criteria, "in a private motor vehicle" and "not carrying a handgun in plain view." *Id*.

Craig argues that Officer Snyder did not have probable cause to arrest him because facts known to Officer Snyder at the time of the arrest established that Craig was traveling. The parties disagree as to whether an arresting officer making a probable cause determination must consider facts establishing an affirmative defense. We need not resolve this dispute. Even assuming an officer must consider facts establishing an affirmative defense, the facts known to Officer Snyder did not establish an affirmative defense in this case.

The Government argues that the traveling defense does not apply because Craig was carrying the gun in plain view. Craig responds that he never actually carried the gun in plain view: When he was in the car, he was carrying the gun,

but it was hidden beneath his legs.  When he got out of the car, the gun might have been in plain view, but he was no longer carrying it, since he had exited the car and did not take it with him.

Generally, we rely on the commonly understood meaning of a legal term unless there is reason to believe the term was intended to have a different meaning. *See, e.g.*, *United States v. Strakoff*, 719 F.2d 1307, 1309 (5th Cir. 1983) ("Absent any legislative or judicial precedent to the contrary, there is no reason not to adopt [a] logical, accepted interpretation for [a] statutory term of art."). In our constitutional jurisprudence, we have stated that an item is in plain view, at the very least, if it is visible to an officer without the need to manipulate other objects in order to see it. *See, e.g.*, *United States v. Virgil*, 444 F.3d 447, 452 (5th Cir. 2006) (finding that a gun was in plain view because "the testimony . . . indicated that the police saw the gun . . . without even moving the door").  There is no question that Officer Snyder saw the gun without having to manipulate other objects.  Therefore, the gun was in plain view.

Next, we turn to Craig's argument that although the gun might have been in plain view, he was no longer carrying it at that time because he had gotten out of the car.  This argument does not persuade us.  Whether or not Craig was carrying the gun when he got out of the car, Officer Snyder certainly had probable cause to believe that Craig was carrying the gun: the gun was in the car, and it is undisputed that Craig was driving and was the only person in the car.

Accordingly, we find that the gun was in plain view, the traveling exception does not apply to Craig, and Officer Snyder had probable cause to believe that Craig was violating section 46.02.

No. 09-10647

## B.    Whether Officer Snyder Acted Unreasonably in Effectuating the Arrest

Craig argues that Officer Snyder acted unreasonably in effectuating the arrest; accordingly, even if probable cause existed for the arrest, the arrest nonetheless violated Craig's Fourth Amendment rights. The Supreme Court has stated that "in principle every Fourth Amendment case, since it turns upon a 'reasonableness' determination, involves a balancing of all relevant factors. [Usually], the result of that balancing is not in doubt where the search or seizure is based upon probable cause." *Whren v. United States*, 517 U.S. 806, 817 (1996). When probable cause exists, "the only cases in which [the Supreme Court has] found it necessary actually to perform the 'balancing' analysis involved searches or seizures conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests . . . ." *Id.* at 818. These cases include seizure by means of deadly force, *Tennessee v. Garner*, 471 U.S. 1 (1985), unannounced entry into a home, *Wilson v. Arkansas*, 514 U.S. 927 (1995), warrantless entry into a home, *Welsh v. Wisconsin*, 466 U.S. 740 (1984), and physical penetration of a suspect's body, *Winston v. Lee*, 470 U.S. 753 (1985).

Craig argues that the instant case involved sufficiently extraordinary circumstances because Officer Snyder pointed his weapon at Craig and threatened to "blow [Craig's] head off." Craig also points to Officer Snyder's liberal use of curse words, arguing that this language—although perhaps not extraordinary *per se*—indicates that Officer Snyder's overall attitude toward Craig was extremely inappropriate, especially considering that this was a simple traffic stop. We disagree with Craig's characterization of the arrest. Officer Snyder was dealing with a potentially deadly situation in which he had just spotted a gun in plain view. Craig had already acted in an unusual manner, getting out of the car as Officer Snyder approached. Officer Snyder reasonably believed Craig was trying to position himself between Officer Snyder and the

5

gun, and Officer Snyder reasonably believed that when Craig was reaching back into the car, Craig might have been reaching for the gun. Officer Snyder's response to the situation as he perceived it did not rise to the level of extraordinary circumstances—such as deadly force or bodily penetration—that would require this Court to conduct an actual balancing analysis. Accordingly, we find that Officer Snyder's method of effectuating the arrest did not violate Craig's Fourth Amendment rights.

## IV. CONCLUSION

Officer Snyder had probable cause to arrest Craig and did not act unreasonably in effectuating the arrest. Accordingly, we AFFIRM the district court's ruling.