# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 11, 2023

Lyle W. Cayce
Clerk

No. 20-30056

Terrell Thompson,

*Plaintiff—Appellant*,

*versus*

Hammond City; Quinn Bivona; Leo Barthelemy, Jr.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:18-CV-10658

Before Richman, *Chief Judge*, and Davis and Southwick, *Circuit Judges*.

Per Curiam:*

Terrell Thompson brought several state law claims and a 42 U.S.C. § 1983 claim against Hammond City police officers Quinn Bivona and Leo Barthelemy, asserting that the officers arrested him without probable cause. The district court granted summary judgment to the officers, concluding

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-30056

they had probable cause to make the arrest and were therefore entitled to qualified immunity.  We affirm.

**I**

Upon returning home from work one day, Terrell Thompson saw Hunter Musacchia's truck parked outside his house.  Musacchia formerly dated Thompson's daughter J.E.T., and Thompson had told Musacchia not to have any contact with her.  According to Thompson, he approached the truck and observed a struggle occurring between two people in the vehicle.  Believing his daughter to be inside, Thompson attempted to open the passenger door and told the two occupants to get out of the truck.  Thompson claims that Musacchia exited the truck and aggressively rushed at him, and that in order to protect himself, he struck Musacchia in the leg multiple times with a flashlight.

Thompson then called the Hammond City Police Department and officers Quinn Bivona and Leo Barthelemy arrived at the scene.  The officers spoke with Musacchia, Thompson, and J.E.T.  Musacchia gave the officers an oral and written statement asserting that Thompson was the aggressor and struck him with a flashlight.  Thompson admitted to the officers that he struck Musacchia, but he maintained that he acted in self-defense.  Thompson also told the officers that he had emails on his phone regarding Musacchia's mistreatment of J.E.T.  The officers did not look at the emails that Thompson offered.  J.E.T. spoke with other officers on the scene, but there is no evidence that she corroborated Thompson's self-defense claim.  Based on the statements of Musacchia, J.E.T., and Thompson, the officers arrested Thompson for, among other charges, aggravated battery against Musacchia, in violation of Louisiana Revised Statute § 14:34.

Thompson sued the officers and Hammond City in federal district court.  Thompson's sole federal claim is a 42 U.S.C. § 1983 action against

Bivona and Barthelemy for falsely arresting and falsely imprisoning him without probable cause in violation of the Fourth Amendment of the U.S. Constitution.

The officers moved for summary judgment. Before the district court ruled on the motion, Thompson moved for relief under Federal Rule of Civil Procedure 56(d), requesting additional time to conduct discovery to oppose the summary judgment motion. Two weeks after the discovery deadline passed, Thompson moved for leave to file a supplemental memorandum in support of his Rule 56(d) motion. He requested that the district court supplement the summary judgment record to include several depositions and other evidence produced during discovery. The district court denied both of Thompson's motions.

The district court granted the officers' motion for summary judgment. The court held that Bivona and Barthelemy were entitled to qualified immunity for Thompson's § 1983 claim because there was sufficient probable cause for Thompson's arrest based on Musacchia's statement, which was corroborated by Thompson's own statement that he struck Musacchia with a flashlight. Having dismissed Thompson's federal claim, the district court then declined to exercise supplemental jurisdiction over Thompson's state law claims. Thompson appealed.

## II

We first address Thompson's § 1983 claim. Thompson argues that there is a genuine dispute of material fact as to whether the police officers had probable cause to arrest him and thus the officers are not entitled to qualified immunity. "This court reviews de novo the district court's resolution of legal issues on a motion for summary judgment on the basis of

qualified immunity."[1]   Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[2]  "In reviewing an appeal from summary judgment, we 'view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor.'"[3]

"A qualified immunity defense alters the usual summary judgment burden of proof.  Once an official pleads the defense, the burden then shifts to the plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law."[4]

"Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'"[5]  The standard for analyzing probable cause is whether, under the totality of the circumstances, there is a "fair probability" that a crime occurred.[6]  "The requisite 'fair probability' is something more than a bare suspicion, but need not reach the fifty percent

---

[1] *Griggs v. Brewer*, 841 F.3d 308, 311 (5th Cir. 2016) (citing *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007)).

[2] Fᴇᴅ. R. Cɪᴠ. P. 56(a).

[3] *Griggs*, 841 F.3d at 312 (quoting *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009) (per curiam)).

[4] *Hanks v. Rogers*, 853 F.3d 738, 744 (5th Cir. 2017) (citation omitted) (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)).

[5] *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)).

[6] *United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999) (quoting *United States v. Antone*, 753 F.2d 1301, 1304 (5th Cir. 1985)).

mark."[7]  "Even law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity."[8]  To overcome the officers' qualified immunity defense, Thompson must show that there was "not even arguably . . . probable cause" for his arrest.[9]

"If there was probable cause for any of the charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails."[10]  Although Thompson was arrested based on five different charges, the officers primarily contend that they had probable cause to arrest Thompson for aggravated battery of Musacchia.  Accordingly, if the officers had probable cause to arrest Thompson for the charge of aggravated battery against Musacchia, then the entire arrest is supported by probable cause.  In Louisiana, aggravated battery is defined as the intentional use of force or violence upon the person of another with a dangerous weapon.[11]

Viewing the facts in the light most favorable to Thompson, a reasonable officer could have concluded that there was a "fair probability" that Thompson intentionally used force against Musacchia with a dangerous weapon.  The following facts drive our analysis: (1) Thompson admitted at the scene that he struck Musacchia with a flashlight; (2) Musacchia gave an oral and written statement that Thompson struck him; and (3) there is no evidence J.E.T. told the officers at the scene that Musacchia was the

---

[7] *Id.*

[8] *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)); *see also Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000).

[9] *See Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001) (internal quotation marks omitted).

[10] *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

[11] La. Stat. Ann. §§ 14:33-34.

No. 20-30056

aggressor. Accordingly, the officers were presented with clear evidence that Thompson intentionally struck Musacchia with a flashlight.

In response, Thompson argues that the officers did not have probable cause to arrest him because they ignored evidence that he was acting in self-defense when he struck Musacchia. This court has not established whether facts supporting the existence of an affirmative defense are relevant to the probable cause inquiry.[12] We do not need to decide that issue here. Even if the officers were required to consider facts demonstrating the existence of an affirmative defense, the facts known to the officers do not establish that Thompson acted in self-defense.

Thompson maintains that the officers did not act reasonably because they ignored his statements. However, whether the individual officers heard but chose to ignore Thompson's statements is immaterial, because "the officers' subjective intent is irrelevant to our qualified immunity analysis."[13] Instead, this court looks to the facts and circumstances within the officers' knowledge at the time of the arrest.[14] Thompson admits that the officers were aware he was claiming self-defense. Therefore, the relevant inquiry is whether a reasonable officer could conclude that there was a fair probability that Thompson committed an aggravated battery even though Thompson claimed self-defense.[15]

---

[12] *See Piazza v. Mayne*, 217 F.3d 239, 246-47 (5th Cir. 2000); *United States v. Craig*, 381 F. App'x 459, 461 (5th Cir. 2010) (per curiam) (unpublished) ("The parties disagree as to whether an arresting officer making a probable cause determination must consider facts establishing an affirmative defense. We need not resolve this dispute.").

[13] *Sorenson v. Ferrie*, 134 F.3d 325, 328 n.5 (5th Cir. 1998).

[14] *See, e.g.*, *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir. 2004).

[15] *See United States v. Garcia*, 179 F.3d 265, 269 (5th Cir. 1999).

No. 20-30056

The officers had evidence that Thompson struck Musacchia. Thompson's claim of self-defense was contested by Musacchia and was not corroborated by J.E.T. A reasonable officer in that situation could have concluded that there was a "fair probability" that Thompson committed aggravated battery. The evidence is insufficient to show that there was not even arguably probable cause for Thompson's arrest.[16]

## III

Thompson also appeals the district court's denial of his Rule 56(d) motion and motion to supplement the summary judgment record. Thompson contends that the excluded evidence creates a genuine dispute of material fact regarding whether the officers had probable cause to arrest him. We review a district court's denial of a Rule 56(d) motion and a motion to supplement the summary judgment record for abuse of discretion.[17]

Even if the district court abused its discretion by denying Thompson's motions, we affirm the district court's judgment if the error was harmless.[18] "The party asserting the error has the burden of proving that the error was prejudicial."[19] None of the excluded evidence establishes new facts or circumstances that were within the officers' knowledge at the time of the arrest. Instead, the excluded evidence is either cumulative to evidence considered by the district court or irrelevant to the probable cause inquiry. Any error made by the district court was harmless.

---

[16] *See Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001).

[17] *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016); *Sanders v. Casa View Baptist Church*, 134 F.3d 331, 340 (5th Cir. 1998).

[18] *Ratliff v. Aransas Cnty., Tex.*, 948 F.3d 281, 286 (5th Cir. 2020).

[19] *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015); *see also Ratliff*, 948 F.3d at 286.

No. 20-30056

**IV**

Because the only federal claim in this case was properly dismissed, the district court did not abuse its discretion by refusing to exercise supplemental jurisdiction over Thompson's state law claims.[20]

\*        \*        \*

For the foregoing reasons, we AFFIRM.

---

[20] *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial.").